SHUFORD vs. ALEXANDER, guardian, etc.

1. There was sufficient evidence to have warranted a verdict for the plaintiff in the justice's court in this case, had it been properly tried.

(a.) The distinctions as to forms of actions observed in the superior court do not obtain in justices' courts. All the pleadings there required is a summons, to which is attached, at the time of issuing it, the cause of action sued on.

2. Contracts of an infant are void, and in a suit prosecuted on his

behalf, either to recover the property parted with by him or its value, or damages for a fraud practiced upon him in such a transaction, an offer to rescind the contract or to return the property he received in exchange is not an indispensable prerequisite to the maintenance of the action.

(a.) The defendant is not without a remedy to recover his property, but it is not a ground to defeat the plaintiff's action.

November 11, 1884.

Pleadings. Justice Courts. Infants. Minors. Contracts. Tender. Before Judge BRANHAM. Walker Superior Court. February Term, 1884.

Reported in the decision.

R. M. W. GLENN; H. P. LUMPKIN, for plaintiff in error.

F. W. COPELAND, by HARRISON & PEEPLES, for defendant.

HALL, Justice.

The plaintiff, as the next friend of his minor son, sued the defendant in a justice's court for fraudulently palming off upon him certain worthless notes in a horse swap.[*] In the trial of the case before the justice, the defendant appears to have been guilty of much improper conduct to the court, and to have carried off one of the jury, who was sick, to his shop and furnished him with wine to drink; in short, to adopt the statement in the record, he seems to have "run the court," over the protest of the presiding justice, and despite his efforts to prevent it. Of course, he obtained a verdict in his favor. From this a *certiorari* was sued out, which was sustained by the superior court and a new trial ordered, with specific directions to the justice's court. To the judgment sustaining the *certiorari*, the defendant excepted, and brought it by writ of error to this court.

[*]The summons was dated April 18, 1883.

1. It is insisted that this was a regular action for deceit, and that the proof was not sufficient to sustain the several allegations essential to the maintenance of that action. We think there was enough evidence to show a wilful misrepresentation of material facts, to induce the plaintiff's son to act, and upon which he did act to his injury; that, if defendant did not directly misrepresent the facts, he artfully concealed them, in such manner as to deceive and mislead him, and did so with full knowledge that they were false. Code, §2958. But whether this was so or not, he was dealing with a minor, over whom he seems to have had much influence, and who appears to have had great confidence in him; he got his property, and paid him for it in notes he knew to be worthless, with the exception of a trifling sum which he paid in money. The distinctions as to forms of actions observed in the superior courts do not obtain in proceedings in justices' courts. All the pleadings required in these courts is a summons, to which is attached, at the time of issuing the same, the cause of action on which the plaintiff sues. Code, §4139. In the present instance, there was a full compliance with this requirement. All the facts essential to the maintenance of the suit were set forth, and, as we have seen, were substantially proved on the trial.

2. The contracts of an infant are void (Code, §2731), and in a suit prosecuted on his behalf, either to recover the property parted with by him or its value, or damages for a fraud practiced upon him in such a transaction, an offer to rescind the contract, or to return the property he got in exchange, is not an indispensable prerequisite to the maintenance of the action. 97 Mass. R., 514; 33 Am. Dec., 184; 7 Ga., 568. That the defendant is not without his remedy to recover his property, if he sees proper to pursue it, is manifest from these decisions; that he cannot avail himself of these circumstances to defeat the plaintiff's suit, is equally clear, and is all that is meant to be determined. There is nothing in the in-

structions accompanying the return of this case to the justice's court of which the defendant can properly complain, and as the plaintiff does not except, we must order the judgment affirmed.