## MACON NAVIGATION COMPANY *v.* STALLINGS *et al.*

Neither the levy of an execution issued upon an affidavit to foreclose a lien on personalty, nor the fact that the levying officer, after disregarding a counter-affidavit filed by the defendant in execution and selling the property levied on, is about to put the purchaser in possession, constitutes a "pending proceeding" to stay which a petition for injunction can be maintained in the superior court of a county in which no defendant against whom substantial relief is prayed resides.

Argued March 6,—Decided April 4, 1900.

Petition. for injunction. Before Judge Felton. Bibb county. May 27, 1899.

` A. L. Dasher, for plaintiff.
Ernest Dart and Owens Johnson, for defendants.

LUMPKIN, P. J. The sheriff of Glynn county levied certain executions, in favor of the Bay Iron Works and W. W. Ward against the Macon Navigation Company, upon a steamboat which was the property of the corporation last named. These executions were issued upon affidavits made by the respective plaintiffs therein for the purpose of foreclosing liens which they claimed to have upon the property of the defendant. Both plaintiffs resided in Glynn county, and the levy was made in the city of Brunswick. The principal office of the Navigation Company was in the city of Macon, Bibb county. The sheriff advertised the steamboat for sale, and the defendant company, through its attorney, prepared counter-affidavits, and also executed replevy bonds with the Union Savings Bank and Trust Company of Macon as surety thereon. Armed with these papers, the defendant's counsel left the city of Macon for the purpose of going to Brunswick and placing the same in the hands of the sheriff with a view to arresting the further progress of the executions. Counsel would have reached Brunswick early in the morning of the day upon which the sale was to take

place, had it not been that the train upon which he was journeying was delayed en route for several hours. In consequence of the delay thus occasioned, he did not reach Brunswick until after the sheriff had actually exposed the property for sale and was crying the bids offered therefor. Arriving on the scene at this juncture, defendant's attorney tendered to the officer the counter-affidavits and bonds already mentioned. The sheriff took the papers into his hands, but upon examination of the same declined to recognize them as being sufficient in law to authorize him to suspend the sale, his ground of objection to the papers being that the bonds tendered were not binding upon the Savings Bank, it having under its charter no authority to sign the same as surety. Counsel then earnestly requested the sheriff to suspend the sale for a short time, declaring that, if afforded an opportunity, he would prepare and tender bonds meeting all legal requirements. The sheriff refused to accede to this request; the sale proceeded, and the boat was knocked off to D. B. Stallings, also a resident of Glynn county. As soon as practicable thereafter, the Navigation Company filed an equitable petition in the superior court of Bibb county, alleging, in substance, the facts above recited and that Stallings was insolvent. The prayers of the petition were: (1) that the sale be declared null and void; (2) that the plaintiff "be allowed the opportunity of giving bond as provided by law;" (3) that the sheriff of Glynn county be enjoined from delivering possession of the steamboat to Stallings; and (4) "that an order do issue commanding said sheriff to hold said steamboat subject to the further order of the court." The refusal of the superior court of Bibb county to grant an interlocutory injunction is assigned as error in the bill of exceptions now before us. This refusal was based upon the ground that the court was without jurisdiction in the premises.

In our opinion, the judgment complained of was clearly right. Not one of the parties against whom relief was prayed resided in the county of Bibb. If, therefore, the case had any standing in Bibb superior court, it must have been upon the idea that the petition sought to enjoin a proceeding pending in that court. Civil Code, § 4950. The position of counsel for

the plaintiff in error is, that it was the duty of the sheriff to accept as sufficient in law the counter-affidavits and bonds tendered to him, and to return the papers to the superior court of Bibb county; and that the mere fact that the sheriff refused to pursue this course should not operate to deprive that court of its jurisdiction to hear and determine the issues arising between the plaintiffs in execution and the Navigation Company upon the counter-affidavits made by it, but that the case should be dealt with just as if the sheriff had actually accepted such counter-affidavits and returned the papers to the proper court. Assuming that the counter-affidavits, had they been accepted by the sheriff, should have been returned to the superior court of Bibb county, a complete reply to the position of counsel for the Navigation Company is that they were not either so accepted or returned. It is therefore entirely immaterial whether the Savings Bank was or was not authorized to sign the bonds, and it makes no difference whether the sheriff's refusal to allow an opportunity to make other bonds was or was not, under the circumstances, improper. Clearly there was, in fact, no pending proceeding in Bibb superior court as to the matters involved in this litigation; and even if there had been, manifestly it would not have been such a proceeding as the plaintiff in error would have desired to enjoin. It surely was not seeking an order or judgment to prevent the hearing of the very cases which it alleges should have been placed on the docket as a result of the tendering of its counter-affidavits to the sheriff, and to obtain a trial of which was one of the main objects of its petition. Upon its theory that the sale had, in legal contemplation, been arrested by its tender of these affidavits and the accompanying bonds, what it really sought to enjoin was the further progress of the levy upon its property. As has been several times held by this court, the levy of an execution is not a "pending proceeding" to stay which an equitable petition can, under section 4950 of the Civil Code, be filed in a county in which no defendant against whom substantial relief is prayed resides. *Rounsaville* v. *McGinnis,* 93 *Ga.* 579; *Woolley* v. *Georgia Loan & Trust Co.,* 102 *Ga.* 591; *Dade Coal Co.* v. *Anderson,* 103 *Ga.* 809. That the sheriff was about to put the purchaser in possession of the

boat certainly did not constitute a "pending proceeding" within the meaning of that section. In no view of the case did the superior court of Bibb county have jurisdiction to grant the relief sought by the plaintiff's petition.

*Judgment affirmed. All the Justices concurring.*