## CHAPMAN *v.* THE STATE.

1. A motion to set aside a verdict and vacate the order or sentence made in a criminal case can not be entertained by a judge of a city court in vacation, for want of jurisdiction.
2. The evidence was sufficient to support the verdict.

Argued October 22, — Decided December 9, 1902.

Indictment for selling liquor. Before Judge Crisp. City court of Americus. September 15, 1902.

*J. R. Williams* and *Shipp & Sheppard,* for plaintiff in error.
*F. A. Hooper, solicitor-general,* and *J. A. Ansley Jr.,* contra.

LITTLE, J. Chapman was indicted for a misdemeanor, and the case was transferred to and tried in the city court of Americus. The trial resulted in a conviction. The defendant moved for a new trial, and the motion was continued from time to time, and came up finally for a hearing before the judge at chambers, under continuances properly made. We are conclusively to presume that this motion was heard in vacation, for the reason that it does not appear by the bill of exceptions to have been heard in term time, and the order overruling the motion was dated at chambers, September 15, 1902. The motion will, therefore, be considered as having been determined in vacation. When the motion came on .

for a hearing, the plaintiff in error, in connection therewith, submitted, in writing, a motion to set aside the judgment which had been rendered in the case, and to vacate the order or sentence based on said verdict, for reasons stated in the written motion. After considering that motion, the presiding judge denied and overruled the same, and the plaintiff in error excepted, and in his bill of exceptions complains that the court erred in overruling that motion. We do not think the court committed any error in so ruling. In the case of *Haskens* v. *State*, 114 *Ga.* 837, it is declared that a judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court. So, without regard to whether there was or was not any merit in the ground of the motion to set aside, had it been made at the proper time, it is sufficient to say that, at the time it was presented, the court had no jurisdiction to entertain it, and committed no error in overruling the same.

2. It is also complained that the trial judge erred in overruling the motion for a new trial. The grounds of this motion were that the verdict was contrary to the evidence, against the weight of the evidence, and contrary to law. An examination of the evidence upon which the conviction was founded results in the conclusion that the evidence was sufficient to warrant the verdict, and we know of no reason why the same is contrary to law. The judgment overruling the motion for a new trial is therefore

*Affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*