MEEKS, administrator, *et al. v.* ROAN *et al.*

117  865
117  881
117  865
e124 641
117  865
d127 639
d127 652

Advertising and preparing for a sale under a power conferred in a security deed do not constitute such a pending proceeding within the meaning of the Civil Code, § 4950, as would authorize the superior court of the county where the land is located and the sale is to be had to enjoin the sale, where the grantee in the security deed resides in another county.

Neither will the fact that the person who represents the grantee in the matter resides in the county in which the sale is to be had give the superior court of that county jurisdiction to grant any relief against the grantee in the security deed, although such person is appointed under authority conferred in the security deed and is therein denominated a trustee, he not being vested with title to the property or any interest therein.

Argued June 12, — Decided June 27, 1903.

Petition for injunction. Before Judge Parker. Coffee superior court. March 24, 1903.

*Quincey & McDonald,* for plaintiffs.

*Jacob Gazan* and *Dart & Roan,* for defendants.

Cobb, J. Error is assigned upon the refusal of the judge to grant an injunction. Smith made a security deed to A. P. Solomon to lands in Coffee county. The deed authorized the grantee or his assigns to sell the property upon default in payment of the debt which it was given to secure, and to that end "to nominate and constitute

a sole trustee for the sale, at public outcry, in the usual manner of trustee sales, without the order of any court." A. P. Solomon, in a deed reciting the execution of the security deed and the purpose for which it was executed, conveyed the property to Henry Solomon & Son, a firm composed of Henry Solomon and A. P. Solomon, both of whom resided in Chatham county. In pursuance of the power contained in the security deed, Henry Solomon & Son in writing appointed Roan, a resident of Coffee county, trustee to make the sale provided for in the security deed. Roan proceeded to advertise the property for sale, and Meeks, as administrator of Smith, filed his petition in the superior court of Coffee county against Henry Solomon & Son and Roan, alleging that there was no debt due to Henry Solomon & Son under the deed, and praying that the sale be enjoined and the deed cancelled. The controlling question is, did the superior court of Coffee county have jurisdiction to grant the relief prayed for against Henry Solomon & Son? The only resident of Coffee county was Roan, and unless there was some substantial relief prayed against him, the court had no jurisdiction to grant any relief against the members of the firm of Henry Solomon & Son. The title to the property upon the execution of the security deed vested in A. P. Solomon, and, under the conveyance from him to Henry Solomon & Son, passed to the members of that firm. These parties could either themselves execute the power of sale contained in the security deed, or, under the terms of that instrument, appoint another to execute it in their behalf. The appointment of another to represent them did not vest him with the title to or any interest in the property. Although denominated a trustee in the security deed and in the deed of appointment, he was nothing more than an agent or attorney in fact. At most, he occupied no closer relation to the property or the title than would a levying officer who was proceeding to sell the property under execution. While he would be a proper party to an application to enjoin the sale, he would not be a necessary party. The application could have been properly brought against his principals alone. But even if he could be considered a trustee, he was simply a trustee vested with the power of sale, and had no interest in the property. See, in this connection, *Heath* v. *Miller*, 117 *Ga.* 854, and cases cited. The relief prayed against Roan is merely incidental to that prayed against his principals, and is not of that substantial nature which would authorize

the superior court of the county of his residence to take jurisdiction of the controversy with his principals.

Clearly the advertisement and preparation by Roan for the sale was not a pending proceeding within the meaning of the Civil Code, § 4950.  It is well settled that the mere levy of an execution is not a pending proceeding within the meaning of the section.  *Townsend* v. *Brinson*, 117 *Ga.* 377.  A sale under a power of sale in a security deed can certainly stand upon no higher footing in this respect than a sale under execution.  As was pointed out in the case just cited, to be a pending proceeding within the meaning of the code section, there must be a suit of some nature.  The court was without jurisdiction, and the injunction prayed for was therefore properly refused.          *Judgment affirmed.      All the Justices concur.*