## SELLERS et al. v. PAGE.

1. The petition set forth a cause of action, and the demurrer which was interposed as cause for not granting the injunction set forth no reason why the injunction should not be granted.
2. When a non-resident is proceeding to foreclose a mortgage under a power of sale, through the instrumentality of an agent resident in this State, an equitable petition filed to enjoin the sale, upon the ground, among others, that the power is being improperly exercised, is properly filed in the county of the residence of the resident agent.

3. A certificate to a transcript from the records of a court of ordinary, signed by a named person as ordinary of a given county, sufficiently authenticates the record when it appears affirmatively, in the certificate, that the ordinary had no clerk and was acting himself as the clerk of his own court. The law requires the fact that he is the clerk of his own court to appear in the certificate; but he may certify to this fact as ordinary. Civil Code, § 4250 (11); *Lay* v. *Sheppard*, 112 *Ga.* 111.

4. Marriage may be proved by any person who knows the fact. See, in this connection, *Clark* v. *Cassidy*, 62 *Ga.* 407; *Jenkins* v. *Jenkins*, 83 *Ga.* 283; *Howie* v. *State*, 114 *Ga.* 21; *McSein* v. *State*, 120 *Ga.* 175; *Murphy* v. *State*, 122 *Ga.* 149; *Southern Ry. Co.* v. *Brown*, 126 *Ga.* 1.

5. When the record of a court in which a case is being tried is material evidence in a case, it may be proved by the production of the record itself, and a certified copy is not necessary. This is true whether the case is on interlocutory hearing before the judge or on final hearing.

6. The suit being to enjoin the enforcement of a mortgage given to secure a certain note, which note was the result of a transaction in which another note was involved, it was not erroneous to admit in evidence the latter note, over the objection that it was irrelevant. It was admissible simply as a part of the history of the transaction.

7. This was an application for an interlocutory injunction; and the evidence being sufficient to authorize the grant of an injunction, the discretion of the court below in granting the injunction will not be interfered with.

Submitted July 18, 1906.—Decided February 15, 1907.

Injunction.    Before Judge Mitchell.    Berrien superior court. June 2, 1906.

Mrs. Page, by her petition to the superior court of Berrien county, sought an injunction against Sellers, Hendricks, Smith, and Christian, to prevent them from selling certain land in that county under a power of sale given in a mortgage executed to Sellers by herself and her husband jointly. She claimed title to the land as a part of her separate estate, and alleged, that the debt to secure which the mortgage was given was her husband's, and not her own; that Sellers knew this at the time the mortgage was executed; and that the contract on her part, being one of suretyship, was void. She alleged further that the defendants were seeking to sell the land without advertising in the manner and for the length of time specified in the power of sale. It was alleged that the residence of Sellers was in the State of Alabama, and that the other defendants were his attorneys at law, attempting to exercise the power of sale, and resided in Berrien county. The petition was sanctioned and filed, a rule nisi and a restraining order were granted, and process was issued. Service was made as to Hend-

ricks, Smith and Christian, but no return of service appears as to Sellers. A demurrer was filed in the names of all the defendants, on the following grounds: (1) "There is no substantial or equitable relief asked for or contained in" the petition; (2) the plaintiff has an adequate remedy at law, and she does not waive discovery; (3) the petition shows that no legal sale could be had and no injury could be done to the plaintiff, and therefore there is no necessity for the petition. (4) The petition shows that Sellers, the only defendant against whom substantial relief is prayed, is a citizen of the State of Alabama, and that the remaining defendants have no legal or equitable interest or title to the property involved, and there can be no legal or equitable remedy against them, and they are not necessary parties to the petition, and should be stricken. (5) The petition does not involve title to the land, and it should be brought in the county of the residence of the defendant in whom the legal or equitable interest is vested and against whom substantial relief is sought. (6) The court is without jurisdiction of the defendant against whom substantial relief is prayed, or of the subject-matter of the petition. In their answer the defendants denied that the mortgage was a contract of suretyship on the part of the plaintiff, and alleged that the debt was a joint debt of herself and her husband. They alleged that there was no intention to sell under the advertisement, it having been ascertained by them, after the publication of the advertisement had commenced, that before the time advertised for the sale there would not be sufficient time to advertise it in accordance with the terms of the power of sale. On the hearing of the application for injunction, the plaintiff introduced evidence in support of her material allegations. She deposed that, as a part of her separate estate, she had a specified interest in the land in question; that she never received any part of the sum for which the note secured by the mortgage was given; that to the best of her knowledge and belief the note and the mortgage were given to take up a note at the bank of Adel, made by A. W. Page, her husband, together with J. B. Lewis and W. Wells; that no part of it was owed by her; that Sellers knew at the time of the making and delivery of the note and mortgage that she received no part of the money for which they were given; that her execution of the mortgage was that of a surety for her husband's debt, and that it was part of a scheme of

Sellers and her husband to obtain payment of the husband's debt out of her property. No evidence was introduced by the defendants.

The court granted the injunction, and the defendants excepted, assigning as error the granting of the injunction, and certain other rulings, as follows: The plaintiff offered in evidence a certified copy of a record from the court of ordinary of Berrien county, signed, "A. W. Patterson, Ordinary of Berrien county," to which the defendants objected on the ground that the certificate "should have been signed by the clerk, if he had one, and, if not, as A. W. Patterson, ordinary and ex-officio clerk." The objection was overruled and the evidence admitted. It was stated in the certificate that "I have no clerk and am therefore my own clerk, or ex-officio clerk of said court of ordinary of said county."—In the plaintiff's affidavit it was stated that she was the wife of A. W. Page. The defendants objected to this part of the affidavit, on the ground that "the marriage certificate, or affidavit from the person who performed the ceremony or the attending witnesses, was the only sufficient evidence to prove the marriage." The objection was overruled.—The bill of exceptions states that "plaintiff then offered original lis pendens filed and recorded in the clerk's office of Berrien county, Georgia. The defendants objected to the same . . upon the ground that a certified copy, and not the original, was the best and proper evidence."—The court admitted in evidence, over the objection of the defendants, that it was irrelevant, the note signed by A. W. Page, J. B. Lewis, and W. Wells, to which the plaintiff had referred in her testimony.

*Hendricks, Smith & Christian,* for plaintiffs in error.

*Buie & Knight* and *Edward S. Elliott,* contra.

ATKINSON, J. The 1st, 3d, 4th, 5th, 6th, and 7th headnotes, when considered in connection with the statement of facts, do not need any elaboration. In the following opinion we will, therefore, deal only with the ruling expressed in the 2d headnote. The question of service is not involved in this case. All of the defendants demurred and pleaded to the merits, without any objection whatever to the service. That this amounts to a waiver of service is not an open question. *Paulk* v. *Tanner,* 106 *Ga.* 219. The defendants therefore were all properly before the court. Was there jurisdiction to grant the injunction as prayed? The thing sought to be enjoined was the wrongful exercise of the power of sale,

which itself was alleged to be void. Under the terms of the power it could not be exercised except in this State, in the county where the suit was brought, in the county where the three defendants resided who were attempting to exercise the power. The fourth and only remaining defendant was Sellers, to whom the power had been executed,—the holder of the note and mortgage, who was himself a non-resident of the State. Sellers employed the three first mentioned, residing within the jurisdiction of the court, to exercise the power at the particular place above indicated, for him and in his name. They proceeded to do this in a manner not authorized in the power, and the suit was brought to enjoin the exercise of the power altogether, on the ground that it was void, and the special sale in particular, upon the ground that the proposed sale was in violation of the terms of the power. The contention, therefore, was that all of the defendants were attempting to deprive the plaintiff of her property without her consent and without authority of law. While the three resident defendants who were attempting to exercise the power may have been the attorneys at law of Sellers, the action upon their part of which complaint is made does not fall strictly within the line of duty existing between an attorney at law and his client, but was a mere act of agency which any one could perform. In such case if one, upon the employment of another, commit a positive wrong against a third person, as to such third person the law of principal and agent does not apply, but both are liable to him as principals. If all of the conditions existed as hereinbefore recited, they were such as to constitute all of the defendants joint wrong-doers, engaged in an enterprise to commit the injury of which the plaintiff complained. There was sufficient evidence to authorize the chancellor in so finding. Under such conditions the character of the relief prayed against all was equitable and substantial. Inasmuch as three of the defendants resided in the county where the venue was laid, the court, for the purpose of the injunction in this case, was vested with jurisdiction as to all. If the power was void, it could hardly be said that Sellers, in whom the power was vested and who was the holder, could send it into this State for execution and be exempt from process of the courts where it is possible to bring him lawfully before the court, which could be accomplished either by service or, as in this case, by waiver of service. In respect to Sellers, the non-

resident defendant, the case is not different from what it would have been had he in the first instance filed suit for the collection of his debt and the grantee had, by way of defense, set up the matters now insisted upon, and prayed for the injunction. Although a non-resident, the judgment would be binding upon him because of his voluntary submission to the jurisdiction. So in this case, where, under the plaintiff's contention, he associates with him others residing within the jurisdiction, for the purpose of executing a void power of sale, thereby committing a positive wrong against the plaintiff, and when complaint is made in court he so answers as to waive service, there is in effect a voluntary coming into court, and its remedies will be applied.

The ruling here made is supported by the reasoning of the decisions of this court in *Harris* v. *Palmore,* 74 *Ga.* 293, *Adams* v. *Lamar,* 8 *Ga.* 83, *Mayo* v. *Renfroe,* 66 *Ga.* 408, and *Epps* v. *Buckmaster,* 104 *Ga.* 698, and is not in conflict with the ruling made in *Saffold* v. *Scottish Mortgage Co.,* 98 *Ga.* 785. In that case neither of the defendants resided in the county where the suit was brought. Nor is the ruling here made in conflict with that made in *Reynolds & Hamby Co.* v. *Martin,* 116 *Ga.* 496. In that case it was ruled that the sheriff who was attempting to sell the land was a mere nominal party and that no substantial relief was prayed against him. An examination of the facts in that case discloses that the sheriff was proceeding under an execution based upon a judgment of the court, and that the suit was instituted to set aside the judgment upon grounds which did not concern the sheriff. The ruling there made was based upon the rulings made in *Rounsaville* v. *McGinnis,* 93 *Ga.* 579, and *Dade Coal Co.* v. *Anderson,* 103 *Ga.* 810. In both of those cases the sheriff was made a party in order to prevent him from selling property under execution. The ruling in *Dade Coal Co.* v. *Anderson* was based upon *Rounsaville* v. *McGinnis.* In that case, Justice Simmons rendering the opinion, the court determined that the sheriff was a mere nominal party, and based its conclusion upon the fact that he was proceeding under an execution, and that the execution was authority to the sheriff for his action which was complained of, and therefore that he was not a joint trespasser with the plaintiffs in execution. Upon this point the court used the following language: "It appears from the record that the judgment against McGinnis upon the replevy bond

was rendered by a court having jurisdiction of the case, and was valid upon its face. Code §3419. This being so, the execution issuing from that judgment would protect the sheriff in levying upon the property of McGinnis, one of the defendants in execution, whether the bond in question was genuine or not. It follows that the sheriff was not, by reason of making the levy complained of, a trespasser, either separately or jointly with the plaintiffs in execution. The sheriff not being a trespasser and the plaintiffs in execution not being residents of the county in which the sheriff resided, a suit for trespass against them in that county was not maintainable in so far as the question of jurisdiction depended upon their being suable as joint trespassers." In the case now under consideration there was no judgment whatever, no execution whatever. It was merely a case of a private individual attempting to execute a power created by contract without the rights of the parties thereunder having been judicially ascertained by any court of competent jurisdiction. The charge made by the plaintiff is that the power was void and could not protect any one, and not only was void, but that the defendants were proceeding under it in a manner not authorized by the terms of the power, the effect of which would be to deprive her of her property without her consent. This case is not controlled by the ruling in *Meeks* v. *Roan,* 117 *Ga.* 865. There the holder of the power was a resident of this State, and not a non-resident, as in the case under consideration. Nor did the reasoning of Justice Cobb deal with the case on the theory of a positive wrong being about to be committed by the agent at the instigation of the owner of the instrument containing the power of sale. Our constitution and laws do not contemplate that a citizen shall be forced into a foreign jurisdiction in a case like this. To hold otherwise would be to permit a non-resident holder of the broad power of sale to send it into this State and enforce the same through his agents, and however great and irreparable the damage to the suffering party might be, the courts of equity of this State would be powerless to prevent it by injunction, simply because they could not acquire jurisdiction of the offender who remained without the limits of the State.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*