## MALSBY & COMPANY *v.* STUDSTILL.

The venue of an equitable petition to enjoin the levy of an execution until a pending motion to set aside the judgment on which it issued can be heard and determined, and complaining of no misconduct of the levying officer, is the county of the residence of the judgment plaintiff, if a resident of the State.

Argued February 5,—Decided February 18, 1907.

Injunction.    Before Judge Spence.    Berrien superior court. January 14, 1907.

*Woodward & Smith, Napier, Wright & Cox,* and *Hendricks, Smith & Christian,* for plaintiff in error.

*Alexander & Gary,* contra.

EVANS, J.   Malsby & Company, a corporation of Fulton county, brought its action in trover against A. C. Studstill, in the superior court of Berrien county, and obtained a judgment against A. C. Studstill as principal, and J. A. Studstill and W. H. Studstill as sureties, on the replevy bond. Upon this judgment execution issued and was levied on certain property of the defendants, which was advertised for sale by the sheriff. Pending the advertisement A. C. Studstill filed in the superior court of Berrien county his petition against Malsby & Company, averred therein to be a corporation with its principal office in Fulton county, Georgia, and

the sheriff and deputy sheriff of Berrien county, alleging that he had filed in the superior court of Berrien county a motion to set aside the judgment upon which the execution was issued (a copy of the motion being attached), and praying that the execution be stayed until this motion could be heard and determined. In response to a rule nisi, Malsby & Company showed cause by demurrer and by answer, in both of which it urged that the court was without jurisdiction. The plaintiff amended his petition for injunction, on the interlocutory hearing, by striking therefrom all allegations intended to hold Malsby & Company liable in damages, and all prayers for damages against Malsby & Company, and declared therein that "the sole purpose of this plaintiff [is] to enjoin the defendants from selling or disposing of the property set out in said petition until a final hearing and disposition can be had upon his said motion to vacate and set aside the verdict and judgment." After hearing evidence, the court enjoined the further prosecution of the levy until the motion to set aside the judgment had been finally disposed of. Exception is taken to the judgment granting the writ of injunction.

The constitution of this State declares that "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code, §5871. The only defendant other than the ministerial officers in whose hands the fi. fa. is placed for enforcement is a corporation of this State, whose principal office and residence is in a different county from the one where the petition for injunction is instituted. The only relief prayed is that of injunction. The venue of an equitable petition to enjoin the levy of a fi. fa. which is being enforced at the instance of a plaintiff who is a resident of this State is not in the county of the residence of the levying officer. The sheriff in making the levy and advertising the property for sale is only a ministerial officer, obeying the mandate of the court, and the relief prayed against him is not substantial, but only incidental to and consequential from the relief to which the complaining party may be entitled as against the party controlling and directing the execution. The substantial relief is that prayed against the party enforcing the fi. fa. Nor is jurisdiction given to the county of the sheriff's residence on the ground that the levy of the execution is a pending proceeding, such as is referred to in the Civil Code,

§4950. It has been settled in several cases that the levy of an execution and advertisement of the property levied on for sale is not a "pending proceeding," within the meaning of this section, which provides that a petition to stay a pending proceeding may be brought in the county where the proceeding is pending. *Roun-saville* v. *McGinnis,* 93 *Ga.* 579; *Macon Navigation Co.* v. *Stall-ings,* 110 *Ga.* 352; *Townsend* v. *Brinson,* 117 *Ga.* 375, and cit. The inevitable conclusion is that the superior court of Berrien county was without jurisdiction to entertain the petition for injunction, because no substantial relief was prayed against a defendant who resided in that county, and because the relief prayed was not to enjoin a pending proceeding.

However, it is contended that the petition for injunction is ancillary to the motion to set aside the judgment, and the pendency of that motion in the superior court of that county is sufficient to give jurisdiction of the equitable suit. It is very doubtful that the motion to set aside the judgment is legally pending in the superior court of Berrien county. This motion is the statutory motion to set aside a judgment. Civil Code, §§3764, 5363. It does not affirmatively appear that it was presented to the judge or filed in term time, but on the contrary the record affords a strong inference that it was instituted in vacation. If it was begun in vacation, the proceeding is a nullity, because a judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court. *Haskens* v. *State,* 114 *Ga.* 837; *Chapman* v. *State,* 116 *Ga.* 598. But conceding that the motion to set aside the judgment was a proceeding in term time, it by no means follows that its pendency in the superior court of Berrien county gives jurisdiction to that court of an equitable petition to enjoin the levy of the fi. fa. until the final disposition of the motion. The principle which authorizes equitable proceedings ancillary to suits already pending, for purposes of injunction, to be brought in the county where the suit is pending rests on the idea that the plaintiff, by voluntarily instituting his suit, gives the superior court of the county where it is so instituted jurisdiction of his person sufficient to answer the ends of justice respecting the suit originally instituted. *Caswell* v. *Bunch,* 77 *Ga.* 504; *Dawson* v. *Equitable Mortgage Co.,* 109 *Ga.* 392. The suit of Malsby & Company against A. C. Studstill was not pending at the time the

petition for injunction was filed. It had eventuated in a judgment and had ceased to pend. The motion to set aside the judgment is no part of the original trover suit, but an aftermath of it. The motion to set aside the judgment is a separate and distinct proceeding. The statute requires it to be filed in the court where the judgment sought to be set aside was rendered, but that does not give equitable jurisdiction to the court to stay the proceedings until the motion to set aside the judgment is decided. The constitution requires ejectment suits to be brought in the county where the land is located, but the superior court of the county where the ejectment suit is pending has no jurisdiction to grant equitable relief at the instance of the plaintiff against a defendant who resides in another county. *Vizard* v. *Moody,* 115 *Ga.* 491; *Etowah Milling Co.* v. *Crenshaw,* 116 *Ga.* 406. So, from whatever view point, the superior court of Berrien county was without jurisdiction to entertain the petition for injunction, and the court erred in granting the writ.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*