BANK OF EAST POINT *et al.* v. DUPRE *et al.*

HILL, J. Mrs. T. F. Dupre brought an equitable petition against A. S. Baggett as sheriff of Douglas County, residing at Douglasville, Georgia, in said county, and against the Bank of East Point, at East Point, Fulton County, and J. T. Henley of Fulton County, alleging that Baggett as sheriff had advertised for sale certain land in Douglas County, under a fi. fa. issued from the Superior Court of Fulton County, in favor of the Bank of East Point against J. T. Henley, under a levy made by the sheriff of Douglas County upon a life-estate of J. T. Henley in the described land, the same being described as a one-eighth undivided interest in the land levied upon and advertised to be sold. The prayer of the petition was to enjoin the sheriff and Bank of East Point from selling the land described in the advertisement, and also to have the property levied upon declared to be the property of the plaintiff, and the defendant Henley to have no leviable interest in the same, and that the levy be declared illegal and void, and that a judgment in a certain claim case tried in Douglas County, finding the property levied upon subject to the fi. fa., be declared null and void, etc. The defendant filed a demurrer to the petition, upon the ground, among others, that there are only two real parties in the case, viz., the Bank of East Point and J. T. Henley, both of whom reside in Fulton County, the other defendant,

A. S. Baggett, sheriff, being merely a nominal defendant, and, there being no substantial relief prayed against him, that therefore the superior court of Douglas County is without jurisdiction to entertain the suit, and for that reason plaintiff's petition should be dismissed. *Held*:

1. Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. Civil Code (1910), § 6540.

2. The venue of the equitable petition to enjoin the levy of an execution and the advertisement of the land levied upon, and to set aside the judgment on which it issued, and where no complaint of misconduct on the part of the levying officer is alleged, is the county of the residence of the judgment plaintiff, if a resident of this State. *Malsby* v. *Studstill*, 127 *Ga.* 726 (56 S. E. 988); and see *Bruce* v. *Neal Bank*, 147 *Ga.* 392, 396 (94 S. E. 241).

3. The levy and advertisement of the land in Douglas County is not such "pending proceeding" as is contemplated by the Civil Code of 1910, § 5527, so as to confer jurisdiction upon the superior court of Douglas County where only one defendant (the sheriff), who is merely a nominal party, resides, and where no substantial relief is prayed against him. *Malsby* v. *Studstill*, supra.

4. The plaintiff added new and distinct parties residing in Douglas County, by way of amendment; but no substantial relief was prayed against them, or either of them. The amendment therefore did not confer jurisdiction upon the superior court of Douglas County. Civil Code (1910), § 5683.

5. The court erred in overruling the demurrer to the petition, and in not dismissing the case for want of jurisdiction.

*Judgment reversed. All the Justices concur.*

No. 2584. JANUARY 13, 1922.

Equitable petition. Before Judge Irwin. Douglas superior court. March 3, 1921.

*Green, Tilson & McKinney*, for plaintiff in error.

*James & Bedgood*, contra.