### DAVIS *v.* DELONEY *et al.*

1. Admission of testimony in proof of a marriage, *held* not erroneous.
2. Parts of court's instructions to jury, construed with entire charge, found not erroneous.
3. Failure to charge the jury on weight of certain documentary evidence was not error.
4. The evidence supported the verdict.

No. 6046.    December 16, 1927.

Complaint for land. Before Judge J. H. Thomas. Glynn superior court. April 23, 1927.

*F. M. Scarlett,* for plaintiff in error.

*J. T. Powell* and *Krauss & Strong,* contra.

Gilbert, J. Minnie Deloney and Sallie Maxwell filed a complaint for land against Rosa Pinkney Davis, alleging that plaintiffs were sisters and sole heirs at law of Georgia Bailey Pinkney, who died seized and possessed of said property; that the defendant was in possession, claiming under a deed to her from two certain heirs at law of Prince Pinkney, which deed recited that Georgia Bailey Pinkney bought the land from the Brunswick Development Company and died leaving same to said Prince Pinkney, her husband, as her heir; that the claim of said defendant was not good, because any deed to her from the heirs of Prince Pinkney was

Marriage, 38 C. J. p. 1335, n. 35, 39; p. 1343, n. 81, 83.
Trial, 38 Cyc. p. 1724, n. 88; p. 1778, n. 73; p. 1779, n. 75.

void for the reason that he did not inherit anything from Georgia Bailey Pinkney, she not being his legal and lawful wife, for the reason that at the time of his alleged marriage to Georgia Bailey he had a lawful wife in the person of Josephine Cooper; and that plaintiffs, being sole heirs of Georgia Bailey Pinkney, deceased, were alone entitled to said land, there having been no inheritance thereof by said Pinkney, alleged husband of Georgia Bailey, and therefore no right in said defendant or her said predecessors to claim under him. The petition prayed for cancellation of the deed from the alleged heirs of Prince Pinkney to the defendant. The defendant answered, setting up that she claimed under Prince Pinkney, through his heirs at law, as stated by the petition, and that her claim was good, and denying that Georgia Bailey did not become the lawful wife of Prince Pinkney. The defendant alleged said Pinkney was the heir to all the property left by Georgia Bailey Pinkney. On the trial petitioners introduced evidence tending to show that Prince Pinkney and Georgia Bailey were never lawfully married; that they went through a form of marriage which was invalid and void because he was already married to another. There was direct testimony to the effect that Prince Pinkney, about the year 1887, was married to said Josephine Cooper; that the ceremony was performed by a minister of the gospel named Mark Sweetwine at his residence about 8 o'clock on an evening; that said minister read from the Bible and was provided with a marriage license, but that said license was never returned to the office of the ordinary; that some years after said ceremony the house in which Josephine Cooper resided was burned and all her personal property, including said license, was destroyed; that Josephine Cooper and Prince Pinkney resided in Brunswick, Georgia, from 1887 until the death of Prince Pinkney in 1924; that these two were frequently together, and that Prince Pinkney continued his visits to Josephine Cooper after his alleged marriage to Georgia Bailey. These facts were testified to by Josephine Cooper, and by a daughter of the said minister who swore she attended the ceremony performed by him, while numerous other witnesses testified that Prince Pinkney and Josephine Cooper lived together for many years as man and wife and held themselves out as such. The defendant introduced evidence by relatives of Pinkney that they had never known of his marriage to Josephine Cooper, and other evidence to the effect that

Pinkney and Georgia Bailey were married under legal forms and requirements, including the procuring of a marriage license. In the brief of evidence it is recited that after the jury was stricken the court stated substantially that the ownership of the property depended solely on whether Prince Pinkney was lawfully married to Josephine Cooper prior to the alleged marriage to Georgia Bailey, that if such were the case the plaintiffs would be entitled to recover, and if not then the defendant should recover. The brief recites that both parties agreed to this statement, a decision of which controls the case. There was a verdict for the plaintiffs, and a motion for new trial on general and amended grounds.

1. The ground of the motion for new trial complaining that the court erred in admitting parol testimony to prove the marriage of Josephine Cooper to Prince Pinkney is without merit. "The existence of a marriage may be proved by the testimony of any witness who is acquainted with the facts that under the law are sufficient to constitute a valid marriage. These facts are peculiarly within the knowledge of the parties to the marriage contract." *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1, 2 (54 S. E. 911) ; *Sellers* v. *Page,* 127 *Ga.* 633 (4) (56 S. E. 1011), and cit.

2. Excerpts from the charge of the court, complained of in certain grounds of the amended motion for new trial, when construed in connection with the entire charge, are not erroneous.

3. The ground of the amended motion complaining of the failure of the court to charge on the weight to be given to stated documentary evidence is without merit.

4. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*