## O'NEAL *v.* NEAL VENEERING COMPANY.

A petition filed in vacation, to set aside a decree rendered nearly three years previously, upon the ground that it had been obtaind by fraud and imposition, praying that the present proceeding be "filed as a part of the original case," on which petition a rule nisi was issued in vacation, was not an independent equitable suit, but a motion to set aside a judgment, and was demurrable on the ground that it presented no

cause of action, because a judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court.

### No. 6146. MAY 17, 1928.

Equitable petition. Before Judge Yeomans. Seminole superior court. June 22, 1927.

*G. G. Bower, Hooper & Hooper, M. E. O'Neal,* and *W. I. Geer,* for plaintiff in error.

*J. T. Goree* and *R. L. Cox,* contra.

RUSSELL, C. J. In this proceeding the plaintiff sought to set aside a consent decree which had been entered nearly three years previously in the superior court of Seminole County, upon the ground that such decree had been obtained by fraud and imposition practiced upon its counsel at the time such decree was rendered. It was prayed that the present proceeding be "filed as a part of the original case," and in the rule nisi issued upon the petition in the present instance the "within petition" was ordered "filed as a part of the pleadings referred to in said petition." The petition or motion to set aside the decree was filed in vacation, and the rule nisi thereon was issued in vacation. At the hearing in term time the defendant demurred and moved to strike the petition, on the ground, among others, "that it presented no cause of action, because filed in vacation." This motion was overruled.

The court erred in overruling the motion to dismiss. "A judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court." *Davis* v. *Bennett,* 158 *Ga.* 368 (123 S. E. 11), and cit.; *Davis* v. *Bennett,* 159 *Ga.* 332 (125 S. E. 714). This petition is a motion to set aside the judgment, and is not an independent plenary equitable petition. As ruled by Mr. Justice Evans, speaking for the court in *Malsby* v. *Studstill,* 127 *Ga.* 726, 728 (56 S. E. 988), "If it was begun in vacation, the proceeding is a nullity, because a judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court. *Haskens* v. *State,* 114 *Ga.* 837 [40 S. E. 997]; *Chapman* v. *State,* 116 *Ga.* 598 [42 S. E. 999]." The error in overruling the motion to dismiss rendered further proceedings in the case nugatory, and makes it unnecessary to rule upon the merits of the demurrers interposed by the defendant. *Judgment reversed. All the Justices concur.*