MILLEN HOTEL COMPANY *v.* CHASTAINE, guardian, *et al.*

No. 11436.   OCTOBER 13, 1936.

*R. Lee Moore* and *Hinton Booth,* for plaintiff.
*Isaac S. Peebles Jr.,* and *Dekle & Dekle,* for defendants.

BECK, Presiding Justice.   Millen Hotel Company, a corporation having its principal office and place of business in Jenkins County, Georgia, brought its petition against Mrs. Estelle P. Daniel, of Jenkins County, Miss Lillian Chastaine, as guardian of F. W. Hulse III and John C. Hulse, of Richmond County, and against F. W. Hulse III individually, of Richmond County, alleging that Mrs. Estelle P. Daniel, the owner of certain described property, being indebted to petitioner in the sum of $21,778 principal, evidenced by her promissory note payable April 16, 1923, executed and delivered to petitioner, on January 16, 1923, for the purpose of securing this indebtedness, her deed conveying several tracts of land, among which were the two tracts of land described; that this security deed was made subject to a prior security deed given by her to S. C. Parker and Joe P. Applewhite on or about May 20, 1921, to secure an indebtedness of $5000; and that this former security deed was subsequently transferred by Parker and Applewhite to E. F. Daniel, and by E. F. Daniel to Miss Lillian Chastaine, as guardian of F. W. Hulse III and John C. Hulse (the property conveyed by the last-mentioned security deed being described); that Lillian Chastaine, as guardian of F. W. Hulse III and John C. Hulse, and F. W. Hulse III individually (he having attained his majority) are now advertising the described property for sale under the power of sale contained in said security deed, and unless restrained by the court they will proceed with the sale, to the irreparable damage of petitioner; that the property which the defendants are advertising for sale is worth on a conservative basis at least $15,000, several thousand dollars in excess of the amount due

on the defendants' security deed; that the petitioner is informed that Miss Chastaine, as guardian, has paid off certain tax claims against the property and other property of Mrs. Estelle P. Daniel, and has had the tax fi. fas. transferred to her, which should have been pro-rated against all the several tracts of land on which the taxes were assessed, but that she is seeking to set up and hold the entire amount of said tax claims as a priority lien against the two tracts of land covered by the security deed in question, thereby seeking to depreciate and diminish petitioner's equity in the property as holder of the junior security deed; that Mrs. Daniel is an essential party to a legal adjustment of the above-mentioned tax controversy, by virtue of her former ownership of the several tracts of land on which the tax claims were assessed and constitute a lien; that it is necessary, for petitioner's protection, that the true and lawful amount Miss Chastaine, as guardian, is entitled to hold as a priority lien against the two described tracts of land under said tax fi. fas. shall be determined by appropriate judgment of the court of equity; that petitioner is unable to raise the money with which to pay off defendants' claims, or to bid on the property at the sale, the terms of which are all cash, and, on account of the depressed financial conditions prevailing generally, petitioner believes and alleges that there will be no other bidders at the sale, and that the holders of said security deed will be able to buy the property at their own price, without regard to its actual value. Petitioner is informed that Mrs. Estelle Daniel is negotiating with the RFC Mortgage Company, of Washington, D. C., for a loan on the property, which will enable her to pay off the prior security deed and tax claims, and also give petitioner a substantial payment on its claim, and that said mortgage company has consented and agreed to make such loan on certain conditions, with which applicant is prepared to comply, and that she should be able to get the loan within a reasonably short time.

The petition closes with prayers for injunction, and that Mrs. Estelle P. Daniel be required "to come into court and set up all the facts by interpleader with respect to the above-mentioned tax executions and the respective properties heretofore sold, so that the pro rata amount lawfully chargeable against the two pieces of property involved in this action may be determined." There were general prayers for relief and for process. The petition was demurred

to upon the ground that it appeared that no substantial relief was prayed for against Mrs. Estelle P. Daniel, the only one of the defendants residing in Jenkins County, where the suit was filed, the other defendants being residents of Richmond County. The court sustained the demurrer and dismissed the petition. The court did not err in so ruling. No substantial relief was prayed against Mrs. Estelle Daniel, the only one of the defendants residing in Jenkins County, where the suit was brought. An equitable petition such as this must be brought in the county of the residence of at least one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending. Code, § 3-202. But advertising and preparing for sale under a power conferred in a security deed do not constitute such a pending proceeding within the meaning of that section of the Code, as would authorize the superior court of the county where the land is located and the sale is to be had to enjoin the sale where the grantee in the security deed resides in another county. *Meeks* v. *Roan,* 117 *Ga.* 865 (45 S. E. 252). See also *Macon Navigation Co.* v. *Stallings,* 110 *Ga.* 352 (35 S. E. 647). It is true that there is a prayer in the petition that Mrs. Estelle Daniel be required to come into court and "set up all the facts by interpleader with respect to the above-mentioned tax executions and the respective properties against which the same were assessed, including the properties heretofore sold, so that the pro rata amount lawfully chargeable against the two pieces of property involved in this action may be determined;" but there are no allegations of facts to show how or why the taxes should have been prorated, or of what attempt Miss Lillian Chastaine, as guardian, has made to enforce the tax executions against the particular property involved here; and especially it does not appear how Mrs. Estelle Daniel is to be hurt or benefited, or that she will be benefited by what Mrs. Chastaine is alleged to be doing. No issue between Miss Chastaine as guardian and Mrs. Daniel is shown.

It is alleged in the petition that Miss Chastaine as guardian has paid off certain tax claims against the property and other property of Mrs. Estelle Daniel, and has had the tax fi. fas. transferred to her, "which should have been prorated against all the several tracts of land on which the taxes were assessed, but that she is seeking to

set up and hold the entire amount of said tax claims as a priority lien against the two tracts of land covered by the security deed in question, thereby seeking to depreciate and diminish petitioner's equity in the property as holder of the junior security deed." These allegations show that the petitioner is seeking relief against Miss Chastaine as guardian, so that petitioner may be benefited by a judgment prorating the taxes. It does not appear at all that Estelle Daniel will be injured or benefited by the prorating. In other words, no relief is sought against Estelle Daniel. The fact that Estelle Daniel may have knowledge of facts or circumstances that would show the plaintiff to be entitled to the relief sought against Miss Chastaine as guardian does not render her one who would be substantially affected by the judgment in a suit like this. And it is clear that the plaintiff is not entitled to maintain the case set out in the petition, which is in the nature of a bill for interpleader. "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Code, § 37-1503. In *Davis* v. *Davis,* 96 *Ga.* 136 (21 S. E. 1002), it was said: "It is essential to the maintenance of a petition for interpleader that there be by at least two persons conflicting claims, each apparently well founded, to a fund in the hands of a person having no interest in or claim thereon, and who, as between the conflicting claimants, is perfectly indifferent." In this case it is manifest that the petitioner is not an indifferent stakeholder or holder of a fund in which it has no interest except the determination as to the party to whom it should be paid. The petitioner is interested here in having part of the tax, at least, borne by other property than that on which it holds a lien.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*