19036. TRUSCO FINANCE COMPANY *et al. v.* KNIPHFER.

WYATT, Presiding Justice. Mrs. Fred Kniphfer brought suit in the Superior Court of Johnson County against Trusco Finance Company, whose principal offices and place of residence is Fulton County, Georgia, and P. L. Youmans, Sheriff of Emanuel County, and a resident of said county, seeking to enjoin the sale of a described automobile under a power of sale contained in a title-retention contract. No counter-affidavit was filed to the foreclosure affidavit. Defendants filed a plea to the jurisdiction, which was duly overruled. Subject to the plea to the jurisdiction, defendants filed a general demurrer to the petition, which was sustained with leave to amend. The petition was amended, and defendants renewed their demurrer, which was duly overruled. The exception here is to the denial of the plea to the jurisdiction and to the overruling of the general demurrer to the petition as amended. *Held:*

1. Code § 3-202 provides: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation." The instant suit was brought in Johnson County upon the theory that it sought to enjoin a pending proceeding. The judge of the court below apparently denied the plea to the jurisdiction upon the same theory. However, we do not agree that a foreclosure and execution and sale thereunder is a pending proceeding within the meaning of Code § 3-202. This court has consistently held that such a proceeding and similar proceedings are not "pending proceedings" within the meaning of Code § 3-202. See *Malsby & Co. v. Studstill,* 127 *Ga.* 726 (56 S. E. 988); *Townsend v. Brinson,* 117 *Ga.* 375 (43 S. E. 748); *Meeks v. Roan,* 117 *Ga.* 865 (45 S. E. 252); *Millen Hotel Co. v. Chastaine,* 183 *Ga.* 172 (188 S. E. 4). It therefore follows that, since no substantial relief is sought against any resident defendant, and since this suit does not seek to stay a pending proceeding within

the meaning of Code § 3-202, it was error to deny the plea to the jurisdiction and to refuse to dismiss the suit.

2. Since, as has been held above, the court below was without jurisdiction to hear and determine the issues involved in the instant case, it was error to deny the plea to the jurisdiction, and all that happened thereafter was nugatory.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1955—DECIDED OCTOBER 10, 1955.

*Homer S. Durden, Jr.*, for plaintiffs in error.
*Emory L. Rowland, J. W. Claxton*, contra.