20034. BUDGET CHARGE ACCOUNTS, INC. *et al. v.*
GEORGE.

ARGUED APRIL 14, 1958—DECIDED JUNE 4, 1958—REHEARING
DENIED JUNE 23, 1958 AND JULY 12, 1958.

*Robert L. Cork,* for plaintiffs in error.

*C. T. Taylor,* contra.

CANDLER, Justice. Alleging herself to be the owner of certain realty in Lowndes County, Mrs. Mittie George, by a petition to the superior court of that county, sought an injunction against Budget Charge Accounts, Inc., and Robert L. Cork, both individually and also in his capacity as attorney at law for the corporate defendant, to prevent them from selling at public auction certain land she owns in Lowndes County under a power of sale contained in an instrument which purports to be a security deed from her to the Murray Homecraft Company and purportedly transferred by it to the defendant Budget Charge Accounts, Inc. Her petition as amended alleges that the defendant Budget Charge Accounts, Inc., is a corporation with its place of business at 20 South Broadway, Yonkers 2, New York, and that the defendant Cork is a resident of Lowndes County. When the petition was filed, the defendant Cork as attorney for the defendant Budget Charge Accounts, Inc., and for himself individually, acknowledged due and legal service of the petition, the rule nisi, and process. It is alleged in the amended petition that the security deed under which the defendants were advertising her land for sale is a forgery; that the note referred to therein and purportedly secured thereby is also a forgery; and that neither the note nor the deed has been ratified by her. It is also alleged that the description contained in the advertisement differs from that embraced in the purported security deed—it is

so uncertain and indefinite in descriptive averments that it is misleading and confusing to prospective bidders and will consequently chill bidding and result in her property bringing an amount at public auction far less than its fair market value, if sold by the defendants under the aforementioned forged instrument. A general demurrer, interposed to the amended petition by the defendants, which raised the question of the court's jurisdiction to grant the injunction prayed for was overruled, and there is an exception to that judgment. By their answer the defendants denied all of the substantial allegations of the amended petition, and the court granted a temporary injunction after the parties had introduced their evidence at an interlocutory hearing of the case. The defendants excepted also to that judgment.

■ It is argued that the court was without jurisdiction to grant an injunction in this case because the allegations of the amended petition are insufficient to state a cause of action for such relief against the resident defendant Cork and because they fail to allege where the defendant Budget Charge Accounts, Inc., has its principal place of business and whether it is a domestic or a foreign corporation. This contention is not meritorious. The defendants were all properly before the court and the only relief sought was an injunction to prevent them from selling the plaintiff's land at public auction under a power of sale alleged to be void, an act in the commission of which all were allegedly participating—the corporate defendant through Cork as its attorney and the defendant Cork also for himself individually. The contention therefore was that the corporate defendant, the defendant Cork as its attorney, and the defendant Cork as an individual were jointly and wrongfully attempting to deprive the plaintiff of her property without her consent and without authority of law. And where one seeks to sell the property of another at public auction under no authority for doing so other than power therefor which is contained in a forged security deed, his act is a positive wrong against the owner of such property, and all who participate in such an unlawful undertaking are joint wrongdoers; and, as such, may be sued together for the purpose of preventing consummation of the wrong in any county of this

State where one of them resides. Code (Ann.) § 2-4904. See, in this connection, *Sellers* v. *Page*, 127 *Ga.* 633 (2) (56 S. E. 1011). The relief which the plaintiff sought in this case against the defendants was equitable and substantial as to each, and since the action for such relief was brought in a county of this State where the defendant Cork resides, the court, for purpose of injunction in this case, was vested with jurisdiction as to all of the defendants. This case is not controlled, as the plaintiff in error contends, by the ruling in *Meeks* v. *Roan*, 117 *Ga.* 865 (45 S. E. 252). There the resident defendant was acting not for himself individually but only as trustee for the non-resident defendant, while in this case the resident defendant Cork was not only acting as attorney for the nonresident corporate defendant but also for himself individually.

■ Since the evidence which the plaintiff introduced at the interlocutory hearing was sufficient to authorize a finding that the security deed which contained the power of sale the defendants were attempting to exercise was in fact a forgery, it cannot be said that the trial judge abused his discretion in granting a temporary injunction.

*Judgment affirmed. All the Justices concur.*