23678. SMITH et al. v. ALLEN.

608

*Zorn & Royal, William A. Zorn,* for appellants.

*Albert E. Butler,* for appellee.

Almand, Justice. The sole enumeration of error is that the court erred in overruling the appellant's motion to strike the plaintiff's petition on the ground that the superior court had no jurisdiction.

Mrs. Blanche B. Allen brought her equitable petition in Wayne Superior Court in which she named as defendants H. G. Smith, a nonresident, William A. Zorn and J. Kenneth Royal, residents of Wayne County. She alleged that one H. G. Smith by his attorneys and agents, Zorn & Royal, were proceeding to advertise the sale of a described tract of land in Wayne County. Attached to the petition was a copy of a newspaper notice of a sale of plaintiff's property under a power of sale contained in a security deed executed by petitioner to one H. G. Smith to secure an indebtedness of $30,000. The advertised notice stated that the grantor had defaulted in making her monthly payments on the note. The notice recited that notice fixing liability for attorneys fees had been given according to law and that the proceeds from the sale would be used to pay the expenses of the sale, including attorneys fees, the sums secured by the deed and the balance to any parties entitled thereto. The notice was signed "H. G. Smith, Attorney in Fact for Blanche B. Allen; Zorn & Royal, Attorneys at Law, Jesup, Georgia."

Plaintiff alleged that the proceeding to sell said real estate was illegal in that she was not in default in making payments on the note but had made timely tender to Smith, the creditor, for several months, which tender was refused. She alleged: "The defendant is further proceeding to foreclose and advertise for sale the aforesaid described property illegally by attempting to assess attorney fees against the property on the alleged security deed without proper notice and which are only proper

[sic] assessed if any in the note given by petitioner to secure the debt. The defendant is further proceeding to foreclose and advertise the described property for sale illegally in a lump sum whereby it is impossible to tell the amount for which the realty will be sold and the personal property cited therein, which is contrary to law and equity and is illegally in an effort to sell the property below its true market value, which is $60,000. The defendant is proceeding to foreclose and advertise the described property for sale illegally in attempting to sell petitioners personal property, not covered by the security deed, which will require an accounting to determine."

The contention of the appellants is that since the plaintiff prayed for substantial relief only against Smith, a nonresident, and the resident defendants were not joint tortfeasors with Smith, the court was without jurisdiction of the case. *Code Ann.* § 3-202. See also *Modern Homes Constr. Co. v. Mack*, 219 Ga. 715 (135 SE2d 386).

The appellee contends that the two resident defendants were attorneys and agents in foreclosure of the security deed and wrongfully acted on the part of their principal in attempting to foreclose where the grantor in the security deed was not in default. Appellee contends that this makes the defendants joint tortfeasors with the nonresident principal, and thus the action was properly brought in Wayne County.

The cases of *Sellers v. Page*, 127 Ga. 633 (56 SE 1011) and *Budget Charge Accounts v. George*, 214 Ga. 312 (104 SE2d 434), support the contention of the appellee and the judgment of the trial court overruling the general demurrer. In the *Sellers* case, a nonresident holder of a security deed was attempting to sell the property of the debtor under a power of sale through attorneys and agents in the county of their residence. The debtor brought a petition to enjoin the foreclosure in the superior court of the county of the residence of the attorneys on the ground that there was a wrongful exercise of the power of sale in that the security deed was void as to her. In holding that the petition set forth a cause of action, this court held: "When a nonresident is proceeding to foreclose a mortgage under a power of sale, through the instrumentality of an agent resident in this State,

an equitable petition filed to enjoin the sale, upon the ground, among others, that the power is being improperly exercised, is properly filed in the county of the residence of the resident agent." *Sellers v. Page,* 127 Ga. 633 (2), supra.

For the reasons pointed out in *Sellers v. Page* and *Budget Charge Accounts v. George,* supra, the case of *Meeks v. Roan,* 117 Ga. 865 (45 SE 252), relied upon by appellants is not controlling in this case.

In the instant case, the petition discloses that the defendants, as agents of the nonresident principal, are jointly and improperly exercising the power of sale.

It was not error to overrule the general demurrer of the defendants.

*Judgment affirmed. All the Justices concur.*