24732. MARTIN et al. v.
APPROVED BANCREDIT CORPORATION et al.
24733. HOLCOMB et al. v.
APPROVED BANCREDIT CORPORATION et al.

Submitted July 8, 1968—Decided September 23, 1968.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellants.

*Norton, Cooper & Lang, Edward Lang,* for appellees.

NICHOLS, Justice. 1. Prior to the enactment of the Georgia Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann. Title* 81A), all the pleadings were construed most strongly against the pleader when demurrers or similar motions were being considered, and conclusions unsupported by allegations of fact would not withstand such attacks. Since the effective date of the Civil Practice Act, supra, the rule has generally been otherwise in that all that is required as to the claim is a short plain statement showing the pleader is entitled to relief and a demand for judgment for the relief to which the plaintiff deems himself entitled. Ga. L. 1966, pp. 609, 619 (*Code Ann.* § 81A-108). An exception to this rule is presented, however, when allegations of venue are considered, for the same section of the Civil Practice Act cited above provides: "An original complaint shall contain facts upon which the court's venue depends." Thus it is apparent that the rules as to pleading venue were not changed by the enactment of the Georgia Civil Practice Act.

The venue of actions is established by Art. VI, Sec. XIV of the Constitution of 1945, and while in most cases a bare allegation of the defendant's residence within the county, or the location of real estate within the county, will suffice to meet the requirements of alleging the facts upon which venue depends, yet in an action against residents and nonresidents where venue as to the nonresidents depends upon the relief sought against the residents a plea to the jurisdiction will be sustained where

the petition does not set forth a cause of action against the resident defendant. See *Fowler v. Southern Airlines,* 192 Ga. 845 (16 SE2d 897); *Planters Cotton Oil Co. v. McCurley,* 199 Ga. 104, 106 (33 SE2d 270), and citations.

In both of the last cited cases the petitions were examined to determine if a cause of action was set forth for equitable relief against the resident defendant in order to determine if the court had jurisdiction of a nonresident defendant, because prayers alone for relief against the resident defendant without facts authorizing such relief would not give the court jurisdiction over the nonresident defendant.

In the case sub judice it is alleged that the actions are to cancel deeds to secure debt as well as the notes and contracts out of which the deeds to secure debt arose, that the principal office of the Georgia corporation is in another county, and that service must be perfected on such corporation by second original. Thus, even assuming that the two corporations could be sued jointly in Hall County, unless the petitions show that the Superior Court of Hall County had jurisdiction of the foreign corporation the pleas to the jurisdiction of both defendants were properly sustained. *Meeks v. Roan,* 117 Ga. 865 (45 SE 252).

2. An action will lie against a foreign corporation in the county where its attorney in fact is a resident to enjoin illegal exercise of a power of sale in a deed to secure debt. See *Smith v. Allen,* 222 Ga. 607 (151 SE2d 138); *Sellers v. Page,* 127 Ga. 633 (56 SE 1011); *Budget Charge Accounts v. George,* 214 Ga. 312 (104 SE2d 434).

The rationale of such decisions is that the resident attorney in fact and his principal are joint tortfeasors in said circumstances. Therefore, the allegations of the plaintiffs' petitions must be examined to determine if they contain allegations that state a claim against the foreign corporation and its attorney in fact as joint tortfeasors.

The allegations as to breach of contract and failure of consideration are charges solely against the Georgia corporation, of which no knowledge is attributed to the foreign corporation before the transfer of the deeds to secure debt, etc. The allegations of usury would not make the deed to secure debt void

so as to authorize a conclusion that the transferee and its attorney in fact were joint tortfeasors in exercising the powers of sale contained therein. *Code* § 57-112. See also *Wardlow v. Woodruff,* 178 Ga. 240 (173 SE 98); *Redwine v. Frizzell,* 184 Ga. 230, 237 (190 SE 789); *Weed v. Gainesville, Jefferson & Southern R. Co.,* 119 Ga. 576 (46 SE 885).

The sole remaining allegation is that the contracts were at their inception, and are now, unconscionable. An unconscionable contract is one "as no sane man not acting under a delusion would make and no honest man would take advantage of." *Hall v. Wingate,* 159 Ga. 630 (1e) (126 SE 796). Such allegations must be construed as an attempt to allege fraud or mistake, and under *Code Ann.* § 81A-109 (b) they must fail inasmuch as allegations of fraud or mistake must be set forth with particularity and the allegations that the contracts are and were unconscionable is no more than a conclusion.

Accordingly, since the petitions fail to state facts which would make the foreign corporation and its resident attorney in fact joint tortfeasors in exercising the power of sale in the deeds to secure debt, the judgment of the trial court sustaining the pleas to the jurisdiction must be affirmed.

*Judgment affirmed. All the Justices concur, except Undercofler, J., who dissents.*