## MARTIN, administratrix, *v.* WALKER.

1. Where upon the trial of an action of ejectment the defendant seeks to set up a perfect equity as against the legal right of a plaintiff suing as administrator, and in support of such equity offers in evidence a mutilated bond for titles which the plaintiff's testator had executed in favor of a third person, together with certain promissory notes for the purchase-money of the land described in the bond, which were executed by the obligee in the bond in favor of the obligor, both of which bond and notes had come into the possession of the defendant in the due course of trade, and which he had taken for value at the solicitation of the obligor, such notes are relevant testimony in favor of the defendant to raise a presumption in his favor that, to the extent of the sum stipulated to be paid in the notes, he had paid the purchase-money; and the bond for titles, though purporting to have been executed by an agent of the obligor, was, under such circumstances, admissible in evidence without strict proof either of the authority of the alleged agent, or of the fact of execution by him. Having by her conduct induced the defendant to accept such bond from a person to whom it had been delivered by the obligee, and to part with his money upon the implied assurance by her that such paper was her own act and deed, she is estopped to deny its genuineness, and, therefore, proof of actual execution, as against her, or one claiming in her right, will not be required.

2. There is sufficient evidence to support the verdict, and the court did not err in refusing to grant a new trial.

Argued June 29,— Decided July 27, 1897.

Complaint for land. Before Judge Hart. Baldwin superior court. January term, 1896.

The administratrix with the will annexed of Catherine Banks brought her action against Samuel Walker to recover a tract of land consisting of 320 acres, of which she alleged the testatrix was the owner at the time of her death. The defendant pleaded, that on February 8, 1886, Catherine Banks contracted to sell 100 acres of the land sued for, and which is now in defendant's possession, to one Berry King for $400, for which she took from King his four promissory notes for $100 each, due respectively November 1, 1886, November 1, 1887, November 1, 1888, and November 1, 1889, giving him her bond for titles to the land, and that King went into possession of the land; that the notes were afterwards sold or discounted by her to one Joel; that subsequently the defendant, at the request of Catherine Banks, paid off a debt of $560 which she

owed to Joel and which was secured by mortgages on the land, with power of sale, and took up two of the notes of King which Joel held against her; and that afterwards the defendant was put in possession of the land by A. J. Banks, in settlement of the indebtedness due defendant; that Catherine Banks received and used for her benefit the purchase-price of the land, and she having delivered her bond for titles to Berry King, which is still outstanding, and the notes of Berry King having been paid to her, her administratrix has no right or title to the land; and there is a perfect equity against the plaintiff.

The verdict was for the defendant. The plaintiff made a motion for a new trial, which was overruled, and she excepted. The motion contained, in addition to the general grounds, the following: The court erred in admitting in evidence, over movant's objection, a fragment of what seems to be a bond for title to Berry King and signed "A. J. Banks, attorney in fact for Mrs. C. Banks," counsel insisting that there was no evidence of authority to make said bond, nor ratification thereof, nor written assignment of said bond by King to Walker or other person, produced in evidence. The court erred in admitting in evidence, over movant's objection, as irrelevant, two promissory notes for $100 each, made by Berry King to "A. J. Banks, agt.," dated February 8, 1886.

The following appeared from the evidence: Joel held mortgages upon the 100 acres in dispute, executed to him by Catherine Banks, and two promissory notes of Berry King to A. J. Banks, agent, referred to in the motion for a new trial, which notes were indorsed by Catherine Banks, and recited that they were for part of the purchase-money of 100 acres of land on that day purchased from A. J. Banks, agent. He was also the holder of a fragment of a bond for titles, the contents of which portion were as follows: " . . . . for the sum of four hundred dollars as follows: one note for $100 due Nov. 1st, 1886, one for $100 due Nov. 1, 1887, one for the sum of $100 due Nov. 1st, 1888, and one for $100 due Nov. 1, 1889. Now, if the said A. J. Banks, agt., shall make or cause to be made to the said Berry King, for such uses or persons as he

may direct, good and sufficient warrantee titles in fee simple to all said land, with all the rights, members and appurtenances thereto belonging, free from mortgage or other incumbrance, by such conveyance as said Berry King may reasonably demand, upon the payment by the said Berry King of his said promissory note on the conditions therein stated, so given by him as aforesaid as part consideration for the purchase of said land, then this bond shall be void, else of full force and effect.    A. J. Banks (L. S.), atty. in fact for Mrs. C. Banks. Signed, sealed and delivered in the presence of Walter Paine, clk. sup'r crt. B. C., Ga."

The defendant testified that this paper was sold to Joel by Berry King, and that defendant bought the land from Joel. He advanced $560 to pay what Mrs. Banks owed Joel, and Joel turned over to him the two notes of Berry King, two mortgages of Mrs. Banks to Joel, and a fragment of a bond for titles. These were the only papers attached. The money to pay this indebtedness of Mrs. Banks was advanced by defendant at her request. Mrs. Banks was present when this settlement took place. The land for which the notes of Berry King were given was spoken of as the "Berry King land"; and Mrs. Banks said she sold the land to him. There was evidence that he went into possession as a tenant. He bought it afterwards, and remained in possession until his death. He left a widow and no child, and the widow surrendered possession to Mrs. Banks. Mrs. Banks died, and her husband, A. J. Banks, then held the land until his death. After the death of Mrs. Banks, A. J. Banks mortgaged to the defendant, as security for a note for $560, the 320 acres sued for, and subsequently executed to the defendant a warranty-deed to the 100 acres in dispute, and turned over the 100 acres to him. Mrs. Banks left a will, which was probated, in which she gave all her estate to A. J. Banks for life, remainder to Lucinda Martin and two other persons.

The two notes of King and the fragment of the bond for titles, above referred to, were admitted in evidence after Walter Paine had testified that the notes were drawn by him, and that the fragment of the bond for titles was a part of a bond for

titles drawn by him; that they were executed in his presence,. and that he thought Mrs. Banks was present when they were executed. They were executed at his office, and he knew that she was there once with Berry King, but could not tell if that. was the time when Berry King signed these papers. Defend‒ ant was recalled and asked: "Look at these papers and also these notes, and state if you know anything about a transfer or assignment in writing by Berry King, or by Joel, to you? A. Yes, sir, that is my recollection throughout the whole case. He asked me to redeem the land and take up the notes. He had asked me to pay the security and hold the land. Q. Does this then cover all that occurred between you and him in set‒ tlement of the matter? A. That was the settlement between me and Andrew Banks. He afterwards surrendered the 100 acres of land."

*Crawford & Crawford*, for plaintiff.
*Whitfield, Allen & Moore*, for defendant.

LITTLE, J. We find but little to add to the headnotes in this case. The defendant sought to set up an equity against the legal title of the testator. He was in possession of a part of a mutilated bond for titles. There was sufficient in it to show that the plaintiff's testator had executed such bond, taking therefor certain promissory notes; that the notes were given as part purchase-money for the lot of land, and the bond for titles was an obligation of the testator to make titles upon the payment of the notes. There was evidence that these papers had come into the hands of the defendant in due course of trade and for a valuable consideration. Inasmuch as the defendant based his right upon a perfect equity, that is to say, the payment of the purchase-money for the land, the portion of the bond for titles which he held and these promissory notes were rele‒ vant testimony in his favor, as going to show to the jury, in connection with other evidence submitted, that he had paid the sum stipulated in the notes. It is no objection to the ad‒ missibility of the bond for titles that it appeared to have been executed by an agent of the obligor. It was, under other tes‒ timony, admissible without proof of the authority of the agent,.

or the fact of execution by him, because the evidence of at least one witness tends to show that the testator was present in person conducting negotiations in reference to the trade, thus recognizing the bond for titles as his own. If the jury believed these facts to be true, then the testator was estopped to deny the genuineness and binding force of such bond. In any event, the portion of the bond which was offered and the promissory notes were legitimate evidence to go to the jury, with the explanatory evidence offered by the defendant, without any proof of execution of either. The case of the defendant rests, not upon legal title, but upon an equitable right to the property as against the claim of the plaintiff. Whether such equity existed or not was for the jury to determine, and these papers were proper evidence to be considered by them in determining the question. There is ample evidence in the record to support the verdict. The court therefore did not err in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concurring.*