BANKS *v.* WALKER, executrix.

Under the code of this State a temporary administrator has no power or authority to institute and maintain an action to recover land alleged to belong to the estate he represents.

Argued November 9, 1900. — Decided January 24, 1901.

Complaint for land.    Before Judge Janes.    Baldwin superior court.    July term, 1900.

· *Roberts & Hines,* for plaintiff.    *John T. Allen,* for defendant.

SIMMONS, C. J.    It appears from the record that Catherine Banks died testate in 1887.    It does not appear whether or not her will nominated an executor, or whether, if one was nominated, he qualified.    It does appear that in December, 1891, the ordinary appointed Lucinda Martin administratrix with the will annexed, and that she brought complaint for land against Samuel Walker in January, 1892.    Walker defended, and on the trial the jury found in his favor.    The administratrix made a motion for a new trial, which was overruled.    She excepted and brought the case to this

court, where the judgment of the lower court was affirmed. *Martin
v. Walker*, 102 *Ga.* 72. Subsequently, in 1897, Gabe Banks, a
devisee under the will of Catherine Banks, brought suit for an un-
divided one-half interest in the same land which had been involved
in the former suit. To this suit by the devisee, Mrs. Clara B.
Walker, as executrix of Samuel Walker, filed a plea of res judicata,
wherein she set up the former suit by the temporary administra-
trix of Catherine Banks against her testator, Samuel Walker, and
the judgment of the court that the land belonged to Walker. She
also alleged that the land involved in the two suits was the same.
On the trial the plaintiff introduced evidence tending to show that
Catherine Banks was in possession at the time of her death, and
had been in possession for forty years prior thereto under a claim of
title. He further proved that the land in dispute was devised to
him by the second item of the will of Catherine Banks. He then
closed. The defendant, in support of her plea of res judicata, in-
troduced the temporary letters of administration granted to Lucinda
Martin, and the entire record of the former suit. This evidence
was objected to by the plaintiff, on the ground that the letters of
administration and the record of the former suit were irrelevant,
for the reason that the temporary administratrix had no right to
maintain an action of ejectment, and that the judgment in such a
suit could not be binding upon the heirs or devisees. These ob-
jections were overruled, and the evidence admitted. When the
evidence was closed the trial judge directed a verdict in favor of
the defendant upon the plea of res judicata, holding "that a tempo-
rary administrator had authority to sue for land and to bind heirs
and legatees." To the admission of the evidence objected to, and
to the direction of the verdict, the plaintiff excepted.

After much reflection and investigation we have come to the con-
clusion that, under the law of this State, a temporary administra-
tor can not institute and maintain an action for the recovery of land
held adversely to the estate. Consequently the trial judge erred
in overruling the objections made to the evidence offered in support
of the plea of res judicata, and in directing a verdict in favor of
that plea. It will be observed that section 3359 of the Civil Code
of this State gives the ordinary power to appoint a temporary ad-
ministrator "upon any unrepresented estate, for the purpose of col-
lecting and taking care of the effects of the deceased," to continue

until permanent letters are granted.    The next section requires the temporary administrator to give bond "for double the amount of all the personal property belonging to the estate, other than real estate."    Section 3361 declares that "a temporary administrator may sue for the collection of debts or personal property of the intestate."    There is no other section of the code which can be construed as giving to the temporary administrator any larger powers than these.    Thus the scheme of the code seems to be to charge the temporary administrator with the collection of the personal property only.    The two sections last referred to expressly mention personal property, and the first authorizes the appointment of a temporary administrator to collect and take care of the "effects" of the deceased.    We think it can not be doubted, upon the authority of the standard lexicons, that the word "effects" relates to personal property only, except in cases where an intention appears to the contrary.    Under our code a temporary administrator is appointed to collect the personal property and to protect it from waste and deterioration and preserve it until permanent letters are granted.    Real estate is of a permanent nature, and is not likely to be wasted or to deteriorate to any great degree before a permanent representative can be appointed.    If the legislature had intended to confer upon a temporary administrator the same powers which are vested in a permanent administrator, it would certainly not have used language apparently restricting his power, as in the code.    It is quite clear, from the language of the  sections mentioned above, that the intention was merely to have some  one appointed to look after the personal property of the estate during the interval which has to elapse before a permanent administrator can be appointed.    This interval is a very brief one, and it was not thought necessary to give the temporary administrator any very broad power.    We are strengthened in this view by the fact that, after a diligent search of our reports, we can find no case in which a temporary administrator has been allowed to bring suit for land.    There are several cases holding that such an administrator has power to interpose defenses to certain suits, in order to protect real estate already in his hands from interference by strangers.   In the case of *Johnson* v. *Brady,* 24 *Ga.* 131, the estate of the intestate was "involved with other estates and likely to be seized and sold and the proceeds applied contrary to law," and this court held that the temporary ad-

ministrator "ought to ask an injunction until the affairs of the estate can be investigated and conflicting claims adjusted." In the case of *Reese* v. *Burts,* 39 *Ga.* 565, there was an execution against the intestate's lands that was proceeding to sell the same, and this court held that the temporary administrator, who was in possession of the land levied upon, had power to file an illegality to the execution. This case was followed in *Barfield* v. *Hartley,* 108 *Ga.* 435. In the case of *Ewing* v. *Moses,* 50 *Ga.* 264, a bill was filed by a temporary administrator for an account and settlement, and no land appears to have been involved in the case. The suit was an effort to collect the personal effects of the deceased, and the temporary administrator was appointed permanent administrator before the trial and was as such made a party. The case of *Mason* v. *Fire Co.,* 70 *Ga.* 604, was "a suit concerning personal property." These cases do not sustain the contention of the defendant in error in the present case, as to the right of the temporary administratrix to sue for the recovery of real estate. It is singular that, in the ten years of litigation in which this land has been involved, this question was not raised long before it was. It was not made when the case of *Martin* v. *Walker,* supra, was brought to this court, nor did it appear in that record that Lucinda Martin was only the temporary administratrix. Had the question been made at the commencement of that suit, much time and labor would have been saved the trial court and this court. We regret that a litigation of ten years should amount to nothing; but we are clearly of the opinion that the temporary administratrix had no power or authority to institute and maintain the suit for the realty, and that a judgment against her in that suit can not bind the heirs, devisees, and lega-tees of the decedent. It follows that the judgment in the present case must be                *Reversed. All the Justices concurring.*