DORIS *et al. v.* STORY *et al.,* and *vice versa.*

1. Where A contracted with B for the purchase of a lot of land and paid the first instalment, and C, at A's request, paid the balance of the purchase-money, and B, by A's direction, made C an absolute fee-simple deed to the land, it being agreed between C and A that C should hold the title as security for the payment by A to C of the sum paid by C, C got a good title subject to be divested only by the payment of the debt thus secured.

2. When C died leaving A in possession of the land, the title descended to C's heirs, and they can recover in an action of ejectment in their own names if it appears that there is no administrator of C's estate, or if there be one and he consents to their bringing the suit. In this case there was no administrator at the time of the commencement of the action who could maintain an action for the recovery of the land. A temporary administrator can not maintain such an aᴄᵗion.

3. In the trial of such a suit the fact that C's debt against A for the balance of the purchase-money was barred by the statute of limitations would make no difference, as the action was not predicated upon the debt, but upon the right to recover the land under C's title. Nor was the action by the heirs of C a stale demand, as there is no law in this State which prevents the true owner of land who has the legal title from bringing a suit for its recovery at any time.

4. Under the facts above enumerated, A's possession, and after his death the possession of his heirs, was permissive; and no prescription can be based on such possession, although eighteen years had elapsed from the time of the advancement of the money by C until the commencement of the action by his heirs.

5. In a joint action by the heirs of C it was not error to allow them to strike the name of the temporary administrator as one of the plaintiffs. He had no title or interest in the suit as such temporary administrator, and could not have instituted it for the recovery of the land. Naming him as a coplaintiff amounted to a misjoinder of parties, and the other plaintiffs had a right, on their own motion, to have his name stricken.

Argued March 8,—Decided March 25, 1905.

Complaint for land. Before Judge Hammond. Richmond superior court. November 14, 1904.

*William K. Miller,* for plaintiffs.
*Henry C. Roney* and *Leonard Phinizy,* for defendants.

SIMMONS, C. J.      It appears from the record, that in the year 1877 Albert H. Story contracted with the City Council of Augusta to purchase a city lot for $525, payment to be made in three instalments.      Story paid the first instalment, but when the others became due he was unable to meet them, and in 1879 he got Patrick Doris to pay the balance due and authorized the city council to make Doris a deed to the lot.      It also appears that Story owed Doris an open account, and it was agreed between the two that Doris should hold the deed as security for both debts, the total amount of which was $947.05.      The City Council of Augusta executed to Doris a fee-simple title to the lot, with warranty.      Story remained in possession of the lot, and Doris took no steps towards collecting the debt.      Doris died in 1880, and in 1882 Story filed his equitable petition against Mrs. Mary A. Doris, the administratrix of Doris, in which all these facts were detailed, and a tender of the money due Doris, with interest, was made to the administratrix.      Nothing appears to have been done with the petition until some time in the year 1884, when it was marked "dismissed" on the docket.      After this petition was filed Mrs. Doris, the administratrix, died, and David Graham qualified as her executor.      He was discharged from his trust in 1888.      The matter as to the lot of land seems to have remained in statu quo until the year 1900, when the heirs of Doris brought their action or complaint for the land against the heirs of Story, he having died some years before.      E. J. Doris, a son of the grantee in the deed from the city council, had been appointed temporary administrator, and he sued in his individual capacity with the other heirs of Doris, and also as temporary administrator. The Story heirs filed pleas in which they set up that the debt due by Story to Patrick Doris was barred by the statute of limitations; that the action or complaint for the land was barred also, because it was a stale demand; and that they had been in the quiet, peaceable, uninterrupted, and adverse possession of the land from the time the deed was made to Doris until the commencement of this suit.      Upon the trial of the case E. J. Doris, as temporary administrator, was stricken from the complaint, upon motion of the plaintiffs, to which the defendants excepted.      It appears that A.

H. Davidson (the executor of John S. Davidson, who was the executor of A. H. Story) was named as a party defendant.　He answered specially, disclaiming any right or title to or interest in the land, and denying that he ever acted as executor of Story. On motion his name was also stricken, and the defendants again excepted.　The case was submitted to the trial judge on an agreed statement of facts, without the intervention of a jury. After hearing the argument the judge announced that the plaintiffs had no title to the land in controversy, and that he would render judgment in favor of the defendants, which he did in an order to that effect.　To this ruling the Doris heirs excepted.

1, 2.　When Doris paid the last instalments on the land to the City Council of Augusta and it made him the fee-simple title thereto, he became the owner of the land and had the full and legal title.　The agreement between him and Story made the deed in the nature of a security deed.　Doris's title was good against the world and Story, but was subject to be divested, under the arrangement between them, by Story's paying the debt which he owed Doris, and thereby redeeming the land.　Or it may be likened to a deed for the purchase-money of land, partially paid, with the duty upon Doris to convey the title to Story when he paid the balance due.　It will be seen, from the statement of facts, that Story never had any title or bond for title from the City Council of Augusta, but, as far as the record discloses, had only a parol contract for the purchase of the land.　By Story's consent Doris was substituted for him in the deed from the city council.　When Doris died, with the title still in him, it immediately descended to his heirs (Civil Code, § 3353); and they had a right to maintain an action for the recovery of the land if there was no administrator, or, if there was one, if he consented to their bringing the suit.　For a full discussion of this subject see *Greenfield* v. *McIntyre*, 112 *Ga.* 69.　The record shows that Mrs. Mary A. Doris qualified as administratrix of her husband, the grantee in the deed from the city council; that she died, and Graham qualified as her executor, and that he was discharged in the year 1888.　There was no other administrator appointed upon the estate until about the time of the commencement of this suit, when E. G. Doris was appointed temporary administrator.　So, it would seem, the estate was not represented from the time

Graham was discharged until the filing of the case at bar. The appointment of the temporary administrator had no effect as to the right of the heirs to bring the suit, as a temporary adminis- trator can not bring an action for the recovery of land, or consent to such an action being brought. See *Banks* v. *Walker*, 112 *Ga.* 542. It may, therefore, be said that there was no administration upon the estate of Doris when the suit was brought. This being so, the heirs, having the same title held by their father, had a perfect right to institute and maintain an action for the recovery of the land. According to the record, they were the only parties who could institute and maintain the action.

3. We might stop the discussion here, as it covers the ruling made by the trial judge; but as the case is to be tried again, and as the learned counsel for the defendant in error insists that even if the judgment of the court below was erroneous it should be sus- tained upon his defenses made in the pleadings and agreed state- ment of facts, we will proceed. One of the defenses that he relies upon is, that inasmuch as the debt owed by Story to Doris was barred, and as the consideration of the deed from the City Council of Augusta was founded upon this debt, the action to recover the land was also barred. We do not agree with him in this contention. This action is not predicated upon the debt, but upon the legal title to the land and the right of possession of the persons holding that title. When this case was here before (110 *Ga.* 65), the action was based upon the debt, and was not for the recovery of the land. As long as the legal title remains in Doris, or his heirs, and there is no better title in the persons in posses- sion, the holder of the legal title is entitled to recover the posses- sion of the land; and that is true whether the consideration of the deed was to secure a debt or to secure the purchase-money for the land. Nor was the suit upon a " stale demand," as con- tended by counsel. There is no law in this State which prevents the person holding the legal title to land from suing for and re- covering it, as long as the legal title remains in him. He may remain inactive for more than twenty years, if he so desires, and still bring an action relying upon his legal title, and he can recover unless a better title is shown against him, or the defendant's title has ripened by prescription.

4. It was also argued that the heirs of Doris could not recover,

because Story and his heirs had been in possession of the land for more than eighteen years from the time Doris advanced the money and took the deed. The facts are, that Story had procured Doris to advance this money and to take the deed. Story was then in possession, and he knew that Doris had the legal title after the deed was executed by the city. Indeed he admitted, in his equitable petition referred to in the statement of facts, that Doris had the legal title, that he was without a title and was holding under Doris, and prayed that Doris's administratrix be compelled to make him the title upon the payment of the debt due to Doris. That petition clearly indicates that Story knew that his possession was permissive; and his heirs, who claim under him, are chargeable with this notice. There is no intimation in the record that Story, or any of his heirs, ever gave notice to Doris or his heirs that they were holding adversely to Doris; and such permissive possession can not ripen into a title by prescription unless the persons in possession give notice that they are no longer bound by the permission, but hold adversely. It seems to us that, under the facts disclosed by the record, the only thing the defendants can do to save their possession will be to tender the money due, with interest, and ask the court to decree that title be made to them upon such payment; and it also seems that in equity and good conscience the plaintiffs ought to accept this tender, although they have a legal title and their debt is barred.

5. In bringing their action the plaintiffs joined with them the temporary administrator of Doris's estate, and on the trial they moved to strike his name from the petition, which motion the court granted. The defendants filed a cross-bill of exceptions complaining of this order. In our opinion there was no error in allowing this amendment. A temporary administrator, as such, has no title or interest in the land of his intestate, and can not maintain an action for its recovery. See *Banks* v. *Walker*, supra. He was named as one of the plaintiffs, and there was therefore a misjoinder of parties. It was proper to strike his name from the petition, it being a joint action for the recovery of land, because if allowed to remain in the petition, and if it appeared at the trial that he had no title or interest in the land, the verdict must have been for the defendants, although the other plaintiffs had a perfect

title. *De Vaughn* v. *McLeroy,* 82 *Ga.* 713, and cit. Nor was there any error in striking the name of Davidson as one of the defendants. He was not in possession of the land, nor did he as executor claim any right, title, or interest therein, but on the contrary, in his answer, disclaims any title whatsoever, and also denies being the executor of Story by reason of his being the executor of his brother who was the executor of Story. This is not a proceeding to reform a deed or anything of that sort, but is a suit to recover the possession of land against the persons in possession. Making Davidson a party was, therefore, a misjoinder.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concur.*