# THORNTON *v.* FERGUSON.

1. Where the clerk of a superior court was the administrator upon the estate of a deceased person, and as such was the defendant in a suit to foreclose a mortgage pending in the superior court, an execution issued by him as clerk against himself as administrator, based on the judgment of foreclosure, was not void because of disqualification to issue the execution.

2. Where in a suit to foreclose a mortgage upon land, against two defendants, a judgment was obtained against only one of them, and the execution commanded the sale of the property mortgaged, and the sheriff, while making the levy, omitted to recite that the land was levied upon as the property of the defendant named in the execution, the levy was not for that reason void, or inadmissible upon the trial of a claim case between the plaintiff in execution and a third person.

3. Where property was levied upon to satisfy a mortgage execution against the administrator of a deceased person, and was claimed by a third person, who did not hold under the defendant in execution, it was not erroneous to allow the plaintiff in execution, while testifying in his own behalf, to give evidence as to sayings of the mortgagor while in life, over the objection that the plaintiff was incompetent to testify.

4. An exception to an allowance, over objection, of "the amendment to the issue which is in the record," there being two such amendments in the record, and nothing further to indicate to which of them the objection and the ruling of the court applied, is insufficient as an assignment of error.

5. An estoppel in pais, on account of representations made by the owner of land which induced another person to extend credit and accept a mortgage on the land from a third person, is not operative against a subsequent grantee of the owner of the land who was a bona fide purchaser for value.

(*a*) There was no evidence to impeach the bona fides of the grant under which the claimant asserted title; and it was erroneous to so instruct the jury as to authorize a finding that the property was subject on the theory of an estoppel operative against the claimant.

6. Other grounds of error complained of are not of such character as to require the grant of a new trial.

Decided February 16, 1910.

Claim. Before Judge Kimsey. Habersham superior court. December 30, 1908.

*J. C. Edwards,* for plaintiff in error.

ATKINSON, J. This was a claim case. The property was found subject. A motion for new trial was overruled, and the claimant excepted.

1. The execution was based on a judgment foreclosing a mortgage. J. A. Erwin, as administrator upon the estate of Ed. Hayden, deceased, was defendant in execution. Erwin was also clerk of the superior court, and as such clerk issued the execution. Objection was made to the admission of the execution in evidence, on the ground that it was illegal and void, because Erwin as clerk could not issue an execution against himself as administrator. Error is assigned upon the ruling of the court in refusing to sustain the objection. There was no such disqualification as rendered the execution void. *Blount* v. *Wells,* 55 *Ga.* 282; *Thornton* v. *Wilson,* 55 *Ga.* 607.

2. The mortgage upon which the suit was founded purported to have been executed by Ed. Hayden, in his lifetime, and Lydia Hayden. After the death of Ed. Hayden, Erwin was appointed administrator upon his estate, and the mortgagee instituted suit to foreclose his mortgage against Erwin as administrator, and Lydia Hayden in her own right. Before final judgment, the suit was dismissed as against Lydia Hayden, and proceeded against the other defendant, who was the only party against whom a judgment was taken, and against whom the execution issued. The execution recited the judgment upon which it was based, showing that it was against J. A. Erwin, as administrator upon the estate of Ed. Hayden. The entry of levy made upon the execution merely recited, "I have this day levied the within fi. fa. upon the following described property" (describing the property as it was described in the mortgage), and set forth the date of the levy and the signature of the officer. On the trial of the claim case, the claimant objected to the admission of the entry of levy in evidence, on the ground that "it did not show whose property was levied upon," and excepted to the ruling of the court admitting the evidence. Where a levy is made under an ordinary fi. fa., attachment, or other similar process, commanding the seizure of the property generally of the defendant, the levy should describe the interest of the defendant in

the property levied upon. Civil Code, § 5421; *Cooper* v. *Yearwood*, 119 *Ga.* 44 (45 S. E. 716), and cases cited. But the levy now under consideration was made in pursuance of the mandate of the court, directing the sale of specific property to satisfy a mortgage debt under a final judgment of foreclosure against the defendant. The levying officer had no discretion. *Wallace* v. *Holly*, 13 *Ga.* 390 (58 Am. D. 518); *Haslett* v. *Rodgers*, 107 *Ga.* 239 (33 S. E. 44). The entry of levy was made on the execution, and recited that the levy was made under authority of the execution. The execution recited the name of the defendant and the judgment of foreclosure. The judgment authorized no property to be sold except that which was specified, nor the seizure of any person's interest in the mortgaged property except that of the defendant. A purchaser, seeing the levy, would be informed that the property was levied upon as the property of the defendant in execution as certainly as if it were so expressly stated in the entry of levy. Under these circumstances, the levy was sufficient without any further recital in the entry as made upon the execution. See also, in this connection, Civil Code, § 2750.

3. During the progress of the trial, and while testifying in his own behalf, the plaintiff was permitted to state that Ed. Hayden, deceased, told him, "that he owned the land levied upon before he made the advance and took the mortgage on it." This testimony was objected to on the ground that "Ed. Hayden was dead, and his administrator was a party to the case on trial." The objection attempts to apply the provisions of the Civil Code, § 5269, par. 1, making exceptions as to persons who, by the statute, are declared competent to testify. The answer is that the suit was a claim case, and it was not contended that the claimant derived title through Ed. Hayden. The administrator upon the estate of Ed. Hayden, who was merely defendant in execution, was not a party to the claim case. *Woodruff* v. *Wilkins*, 73 *Ga.* 115. There was no merit in the objection.

4. In the exceptions pendente lite, and also in the bill of exceptions, error was assigned upon the ruling of the judge in allowing "the amendment to the issue which is in the record," over the objection that "if the allegations therein were proved as alleged, it would not bind the claimant." There were two amendments to the "issue," and the record does not disclose to which of them the

objection referred.    The plaintiff in error should have shown, by setting forth in connection with his assignment of error, the substance of the amendment objected to, or in some other way clearly indicated which of the two amendments was allowed over his objection; and as he has failed to do this, the assignment of error does not present any question for consideration by this court.    See Civil Code, § 5527.

5.    One of the grounds of the motion for new trial complains of the charge of the court which instructed the jury with regard to the law of estoppel as applied to the claimant.    Several assignments of error were made upon the charge, among them, that it was without evidence to support it.    The plaintiff's mortgage upon the 105 acres of land was dated March 2, 1901, and signed by Ed. Hayden and Lydia Hayden.    When the mortgagee sought to foreclose it, Lydia Hayden filed a plea, in which, among other things, she denied its execution by herself or by any one else empowered to represent her.    Upon the trial a verdict was rendered in her favor. On motion a new trial was granted by the court.    Afterwards the plaintiff entered an order of dismissal as against Lydia Hayden, and proceeded to judgment against the administrator upon the estate of Ed. Hayden, foreclosing the mortgage as against all the land therein described.    Upon the judgment thus procured, execution issued and was levied.    As to a part of the property, the sale was interrupted by a claim interposed by Frances Thornton, a daughter of Lydia Hayden.    The claimant asserted title to 50 acres of land under a deed from Lydia Hayden, executed after the dismissal of the mortgage-foreclosure suit as against Lydia Hayden. The deed recited a consideration of $5 cash in hand paid, love and affection, and an undertaking upon the part of the claimant to support Lydia Hayden the rest of her life.    On the trial of the claim case the plaintiff in execution introduced evidence to the effect, that Ed. Hayden and Lydia Hayden resided on the property at the time and before the mortgage was given; that the debt secured by the mortgage was for the purchase of certain corn which was sold to Lydia Hayden and Ed. Hayden; that the sale of the corn was made upon the strength of the credit of both of them, and was induced by the representations of Lydia Hayden made to the plaintiff that Lydia Hayden and Ed. Hayden owned the land together; and that such representations were made before and at the

time of the sale of the corn and the acceptance of the mortgage, and both were induced by such representations. The plaintiff did not introduce any evidence tending to show that the claimant had notice of the above-recited representations by Lydia Hayden, or that she had induced the plaintiff to extend credit and accept the mortgage by making such representations; nor did the plaintiff introduce evidence tending to show that the claimant's deed was without a valuable consideration, or that it was void on account of fraud in attempting to delay or hinder creditors in the collection of their debts, or for any other reason. But relatively to such matters the claimant's uncontradicted testimony was to the effect that not until the date of the trial of the claim case had she heard of the representations attributed to Lydia Hayden, as above; that she was the daughter of Lydia Hayden, and was present in court and heard the plaintiff in fi. fa., through his counsel, dismiss the mortgage-foreclosure suit as against Lydia Hayden; that she then supposed the case, in so far as it affected Lydia Hayden, was ended, and thereafter, in good faith, bought that part of the land involved in the claim case, without any intention to hinder or delay the plaintiff in the collection of his debt, or any other creditors in the collection of their debts; and in compliance with the provisions of the deed from Lydia Hayden to herself she had been supporting and taking care of Lydia Hayden ever since the deed was made; she did not pay the $5 mentioned as a part of the consideration in the deed. The claimant's deed was dated March 18, 1907, and recorded June 3, 1907. The order dismissing Lydia Hayden from the mortgage-foreclosure suit was dated March 7, 1907. The two amendments relating to the representations made by Lydia Hayden to the plaintiff as having induced the extension of credit, as above referred to, were both filed on August 14, 1908, which, from the recitals in the bill of exceptions, appears to have been the date of the trial of the claim case. The theory of the plaintiff was that Lydia Hayden was estopped, and that the estoppel extended to the claimant, who was her grantee. It has been held in this State, in effect, that an estoppel as against a person on account of misrepresentation, or the like, will operate against his heirs after his death. *Taylor* v. *Street,* 82 *Ga.* 723 (9 S. E. 829, 5 L. R. A. 121). Also, that such an estoppel would also extend to the administrator of a deceased person. *O'Kelley* v. *Gholston,* 89 *Ga.* 1 (15 S. E. 123);

*Martin* v. *Walker,* 102 *Ga.* 72 (29 S. E. 132). In such cases the heirs or representatives occupy the same position as the person against whom the estoppel first operated. But the evidence discloses a different situation in the case now under consideration. It is true that the claimant is a successor in title to Lydia Hayden, but her interest was acquired under a deed based upon a valuable consideration, obtained in good faith, untainted with fraud. We fail to find any instance where an estoppel in pais, operating against a person relative to an interest in land, will extend to his grantee, who subsequently acquires the land upon a valuable consideration, in good faith, and without any notice of the grounds of the estoppel. The Civil Code, § 2695, enumerates certain acts which are void as against creditors, including among them conveyances of real estate, made with intention to delay or defraud creditors, and such intention known to the party taking; but it contains a saving clause declaring, in effect, that bona fide transactions, founded upon a valuable consideration, and without notice, or ground of reasonable suspicion, shall be valid. The Civil Code, § 3934 declares: "A bona fide purchaser for value, and without notice of an equity, will not be interfered with by a court of equity." If the plaintiff had a right to subject the property to payment of his debt merely because of an estoppel against Lydia Hayden, such right was based upon an equity between them. Equity will not enforce a right of that character as against a bona fide purchaser for value. If it be said that because of the claimant's near relation to Lydia Hayden the transaction should be scanned with care (*Booher* v. *Worrill,* 57 *Ga.* 235), or even that the onus was upon the claimant to show a valuable consideration (*Cruger* v. *Tucker,* 69 *Ga.* 558), the uncontradicted evidence showed that she had met both requirements. No judgment was obtained against Lydia Hayden, and the act of the plaintiff in dismissing the mortgage-foreclosure suit as against her, and proceeding against the other defendant, was calculated to lead the claimant to the conclusion that the plaintiff had abandoned all claims as against Lydia Hayden. Conceding that Lydia Hayden was a debtor, and that she might have been estopped from asserting title to the property, we do not think that the evidence was sufficient to authorize an estoppel against the claimant.

            *Judgment reversed. All the Justices concur.*