### BABSON et al. v. McEACHIN; et vice versa.

FISH, C. J.   1. A temporary administrator may be appointed for the purpose of collecting and taking care of the effects of the deceased, his appointment to continue and have effect until permanent letters are granted. Civil Code, § 3935. He takes no interest in land of the ·estate, and can not bring an action for its recovery or consent to such an action being brought. *Doris* v. *Story,* 122 *Ga.* 611 (50 S. E. 348). Owing to the limited powers of a temporary administrator, an ·estate of a decedent can not be affected by a suit instituted against the temporary administrator by a grantor of land, to cancel a deed executed by him to the decedent while in life. See *Lester* v. *Mathews,* 56 *Ga.* 656.

2. An equitable action for cancellation of deeds as clouds upon title, and to enjoin the exercise of a power of sale contained in one of them, can be instituted only in the county of the residence of one ·of the defendants against whom substantial relief is prayed. Civil Code, § 5528, *Bird* v. *Trapnell,* ante, 50 (92 S. E. 872).

3. Advertising and preparing for a sale of land in pursuance of a power conferred in a security deed do not constitute such a pending proceeding, within the meaning of the Civil Code, § 5527, as will, without more, authorize the judge of the superior court of the county wherein the land is located, and the sale is to be had, to enjoin the sale which is being advertised by the transferee of the security deed, where he does not reside in that county. *Meeks* v. *Roan,* 117 *Ga.·* 865 (45 S. E. 252); *Saffold* v. *Scottish American Mortgage Co.,* 98 *Ga.* 785 (27 S. E. 208).

(a) If the power of sale were void, and the transferee, being a non-resident of the State, was having the property advertised for sale under the power by an agent who resided in this State but in a county other than that in which it was being sought to have the sale, the act of the agent would be wrongful, and upon a different principle the suit to enjoin the sale might be instituted in the county of the residence of the agent. *Saffold* v. *Scottish American Mortgage Co.,* supra; *Sellers* v. *Page,* 127 *Ga.* 633 (56 S. E. 1011).

4. Applying to the facts of the present case the rulings above announced, it sufficiently appears that the court was without jurisdiction, and it was error to overrule the demurrer raising that question.

5. Having ruled that the court was without jurisdiction to entertain the case, it becomes unnecessary to state or deal with other questions presented in the record, either by the direct or cross-bill· of exceptions.·

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

JULY 10, 1917. REHEARING DENIED AUGUST 31, 1917.

Equitable petition. Before Judge Highsmith. Jeff Davis superior court. May· 6, 1916.

The petition alleged, that a married woman owning described land was unduly induced by her husband to sell the land to him for a valuable consideration and to execute to him a deed in pur-

suance of an order granted by the judge of the superior court of her domicile, purporting to have been obtained upon her application, whereas in fact the application was made by her husband in her name and without her consent; that after execution of the deed her husband borrowed certain money from a bank at a usurious rate of interest, and executed to the bank a deed containing a power of sale to pay the secured debt; that the bank transferred the security to a non-resident, who, in the exercise of the power of sale, undertook, through an attorney at law of this State, to sell the property; and that the plaintiff's husband had recently died while a resident of the county in which the suit was instituted, and his will had been filed for probate, and a "temporary representative" had been appointed to represent the estate. Process was prayed against the non-resident transferee of the security deed, the bank which was alleged to reside in another county, the attorney at law who had obtained the order authorizing the sale by the plaintiff to her husband, the attorney who was representing the non-resident transferee in bringing the property to sale (both the attorneys being alleged to reside in a county other than that in which the suit was brought), and the person named as temporary administrator. The relief prayed was, for cancellation of the deed made by the plaintiff to her husband and the security deed made by him to the bank and the bank's transfer, for injunction to prevent the sale of the property, and for general relief. The non-resident transferee, expressly reserving his right to object to the jurisdiction, filed a separate demurrer in which he complained, among other things, that no cause of action was set forth, and that it appeared from the allegations of the petition that the court was without jurisdiction. The judge overruled the demurrer, and exceptions pendente lite were duly allowed. The case proceeded to trial, which resulted in a verdict for the plaintiff. The defendants made a motion for new trial, which was overruled, and they excepted and assigned error upon the exceptions pendente lite, and upon the judgment refusing a new trial.

*W. W. Bennett, J. C. Bennett,* and *C. H. Parker,* for Babson et al. *C. B. Conyers* and *John Rogers Jr.,* contra.