## DUKES *v.* CITIZENS BANK OF BALTIMORE *et al.*

Where on behalf of two non-resident corporations, as transferees of a security deed or mortgage with power of sale, was published a notice of intention to exercise the power by sale in L. county, the notice being signed by two "attorneys or record" of the corporations (it not appearing where the attorneys resided), a petition to prevent such exercise and to cancel the instrument containing such power, not alleging that any agent of either corporation resided within L. county (where the suit was brought), though bearing an official entry of personal service of a copy of the petition and process upon one of the "attorneys of record," referred to in the entry as "attorney for defendant," failed to show jurisdiction in the court wherein the suit was brought.

No. 1958. DECEMBER 18, 1920.

Equitable petition. Before Judge Sheppard. Liberty superior court. February 17, 1920.

*J. P. Dukes* and *S. B. Brewton,* for plaintiff.

*Hitch & Denmark* and *Jacob Gazan,* for defendants.

ATKINSON, J. On May 4, 1918, Saxton Dukes instituted an action against the Citizens National Bank of Baltimore and the Bank of the United States of New York, alleging them to be non-resident corporations. The petition alleged that the defendants were seeking to sell certain land and personalty, the property of plaintiff, under an alleged power of attorney. The petition contained a copy of a notice of public sale, which stated that the sale was under authority contained in a deed to secure debt, executed by the plaintiff to a third person and duly transferred to defendants. The sale was advertised to occur in the county in which the suit was brought, and the notice of sale was signed by two named persons. Following the signatures were the words, "Attorneys of record for Citizens National Bank of Baltimore

and the Bank of the United States of New York." It was not alleged where the attorneys resided. The prayers were (a) That the "banks, their agents, attorneys, officers, and employees be enjoined from" advertising or selling the property. (b) That the mortgage be surrendered and canceled. (c) "That process do issue in terms of the law, requiring the banks to appear and answer this petitioner's complaint." The only service of the petition was evidenced by a return of the sheriff, dated May 7, 1918, in which it was stated that the petition and process were served upon a named person (being one of the attorneys who signed the notice of sale), "attorney for defendant, by handing him a copy" thereof in person, in the county where the suit was brought. At the trial which occurred February 17, 1920, during a regular term of court, the non-resident defendants appeared specially, by their attorneys at law, and moved to dismiss the petition, on the grounds (1) "That the petition fails to show any jurisdiction in this court. (2) "That this court is without jurisdiction, because it appears from the petition that the defendants are non-resident corporations, and there is no allegation that any agent of said corporations or either of them resides in" the county. The motion to dismiss was sustained, and an order was taken dismissing the petition. The plaintiff excepted.

The petition failed to show jurisdiction in the court (*Babson* v. *McEachin*, 147 *Ga.* 143, 93 S. E. 292); and there was no error in dismissing the action.

*Judgment affirmed. All the Justices concur.*