FURR *et al. v.* JORDAN *et al.*

Nos. 14671, 14672.   November 11, 1943.

869

870

*Mildred L. Kingloff* and *Jackson L. Barwick,* for plaintiffs in error. *Francis Fife* and *Burress & Dillard,* contra.

DUCKWORTH, Justice. ■ The Code declares: "Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subject-matters: Probate of wills." § 24-1901(1). "The court of ordinary shall have exclusive jurisdiction over the probate of wills. The residence of testator at his death shall give jurisdiction to the ordinary of that county." § 113-603. In *Israel* v. *Wolf,* 100 *Ga.* 339 (28 S. E. 109), it was ruled: "It being within the power of the ordinary of any county to compel the filing in his office of any paper purporting to be the last will and testament of a deceased person who at the time of his death resided in such county, and the court of ordinary having original and exclusive jurisdiction in the first instance of the probate of all wills, the superior court in the exercise of its equity powers has no jurisdiction to enjoin the custodian of an alleged will from offering it for probate; nor to decree, for any reason, the cancellation of an alleged will upon which no action has ever been taken by the court of ordinary." In the opinion it was said: "The remedy of the petitioner to have the question of the validity of the alleged will decided is adequate and complete in the court of ordinary. That is the only court that can in the first instance judicially determine whether or not any given paper is the true will of the person by whom it purports to have been executed as such. Jurisdiction in cases of fraud in the execution of wills is distinctly taken away by the code from courts of equity in this State. Civil Code, § 4024." That section (now § 37-701) provides as follows: "In all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the law." As was said in *Benton* v. *Turk,* 188 *Ga.* 710, 723 (4 S. E. 2d, 580) : "The rule that equity seeks always to do complete justice will not bring into equitable jurisdiction matters over which another court has exclusive jurisdiction." For other cases to the effect that the court of ordinary alone has jurisdiction in the first instance to determine as to the factum of a will, see *Adams* v. *Johnson,* 129 *Ga.* 611 (59 S. E. 269); *Field* v. *Brantley,* 139 *Ga.* 437 (77 S. E. 559); *Turner* v. *Holbrook,* 145 *Ga.* 603 (89 S. E. 700); *Elliott* v. *Johnson,* 178 *Ga.* 384 (173 S. E. 399). No construction of the will is here involved, the only effort made by the petitioners as a class being to

set aside the will on the ground that it was fraudulently induced by the stepfather, James Mack Furr, at a time when the testatrix was lacking in testamentary capacity. Under the above authorities they are relegated to the court of ordinary, where they may have an administrator cum testamento annexo appointed in the place of the deceased nominated executor, and thus provide a proper defendant to contest the issue which would arise by the filing of a caveat to the will, the application to probate which is now pending in the court of ordinary. "The nominated executor and propounder of a will is a legal party on behalf of the legatees, to conduct the litigation involved in a caveat to the will, from the beginning to a final adjudication." *Lucas* v. *Lucas,* 30 *Ga.* 191 (4) (76 Am. D. 642) ; *Yeates* v. *Yeates,* 162 *Ga.* 153 (2-a) (132 S. E. 768). The nominated executor under the will of Mrs. Cora Florine Furr having died, his successor, an administrator cum testamento annexo, would necessarily be the proper defendant in litigation involved in a caveat to the will, which if sustained would establish intestacy as to the property owned by Mrs. Furr at the time of her death. Thus would be accomplished all that is sought from the court of equity in the present proceeding as to setting aside the will to enable the children to inherit their proper share in the estate as heirs at law. It follows that the court erred in overruling the grounds of demurrer in the respects above discussed. *Slade* v. *Street,* 27 *Ga.* 1, 21, cited and relied on by the defendants in error as to the court of equity having concurrent jurisdiction with the court of ordinary to adjudicate the alleged invalidity of the will, is not authority for holding that equity has jurisdiction here. In that case the court of ordinary sustained a caveat to an application to probate a will. Pending an appeal to the superior court the court-house of the county, together with all the papers in the cause, except perhaps the will, was burned. An administrator of the estate of an infant devisee under the will filed a petition in equity, alleging that the nominated executor had for stated reasons desisted from prosecuting the appeal, and sought to have set aside, the judgment of the court of ordinary rejecting the paper offered as a will, and to establish a copy of the paper as a will, and to cause revocation of letters of administration granted after the caveat was sustained. It was held that the court of equity had no jurisdiction, that a copy of the alleged will could as well be estab-

lished in the court of ordinary; and in respect to whether or not a court of equity could take jurisdiction equally with the court of ordinary in the matter of the probate of a will it was ruled: *"If a court of equity has jurisdiction of any case of will probate, the case can be only one in which the probate is for some reason not attainable in the court of ordinary."* (Italics ours.) No other case cited by the defendants in error is authority for a court of equity to take jurisdiction of the matter of setting aside the alleged will of Mrs. Cora Florine Furr, under the allegations of the petition.

But it is urged, that, under the well-established rule that an action will not be dismissed if any portion of the petition sets forth a cause of action, the court of equity should retain jurisdiction of the claim of Howard T. Jordan, one of the petitioning children, that he is equitably entitled to the two described lots of land which James Mack Furr was obligated to deed to him as the equivalent of the balance of the sale price of certain realty which belonged to him and which proceeds had been retained by Furr, and should retain jurisdiction of the question of enforcing the contract which, as alleged, was entered into between him and Furr, whereby for services rendered Furr during his lifetime it was agreed that he would will all of his property to Howard T. Jordan. This leads to an inquiry whether or not a cause of action in these respects is set out in the petition against any of the defendants. The defendant Frank H. Jordan is shown to be temporary administrator of the estate of Cora Florine Furr. Certainly no relief is sought against him in respect to the claims above mentioned. Mrs. Mattie Sue Wilson, the second Mrs. James Mack Furr, occupies no position as a defendant except in her individual capacity. If, as to title to the two lots of land above mentioned or as to all of the property of James Mack Furr sought to be acquired by Howard T. Jordan for reason stated in the petition, a decree of the court of equity could operate so as to bind the estate of Furr, it is only upon Mrs. J. H. Dillard, the temporary administratrix of such estate. Is a cause of action set forth against her? By the Code, § 113-1207, it is declared that the ordinary may at any time grant temporary letters of administration upon any unrepresented estate, for the purpose of collecting and taking care of the *effects* of the deceased. "Effects" refers, of course, to personal property. *Banks*

v. *Walker,* 112 *Ga.* 542, 544 (37 S. E. 866). The Code requires that a bond be given for double the amount of the personal property belonging to the estate. § 113-1221. It declares that a temporary administrator may sue for the collection of debts or personal property of the estate.. § 113-1511. It provides that temporary letters of administration may be granted pending an issue of devisavit vel non, unless the will has already been admitted to probate in common form and letters testamentary have been issued. § 113-1208. It will be seen from this summary of the Code provisions that the appointment of a temporary administrator of an estate is for limited purposes, where there is an unrepresented estate and pending an issue of devisavit vel non; and that it is contemplated that there be a permanent administration for disposition of the estate. See *Chattanooga &c. Ry. Co.* v. *Morrison,* 140 *Ga.* 769 (79 S. E. 903). In *Langford* v. *Langford,* 82 *Ga.* 202 (8 S. E. 76), it was held that a temporary administrator had no right to distribute any portion of the intestate's estate, or to agree to sell and distribute the real property, and could not interfere with the realty for any purpose except to preserve and protect it. See *Ewing* v. *Moses,* 50 *Ga.* 264; *Mason* v. *Atlanta Fire Co.,* 70 *Ga.* 604, 607, 608 (48 Am. R. 585); *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010). He can not institute an action to recover land alleged to belong to the estate and held adversely thereto. *Banks* v. *Walker,* supra; *Ward* v. *McDonald,* 135 *Ga.* 515 (69 S. E. 817). He takes no interest in the land, and can not consent for a suit to be brought against the estate. *Doris* v. *Story,* 122 *Ga.* 611 (50 S. E. 348); *Babson* v. *McEachin,* 147 *Ga.* 143 (93 S. E. 292). He can neither pay debts nor distribute an estate to heirs. *Broderick* v. *Reid,* 164 *Ga.* 474 (139 S. E. 18). He is not a proper party to defend in an action of ejectment. *Grooms* v. *Mixon,* 150 *Ga.* 335 (103 S. E. 845). In *Banks* v. *Walker,* supra, it was said: "We are clearly of the opinion that the temporary administratrix had no power or authority to institute and maintain the suit for the realty, and that a judgment against her in that suit can not bind the heirs, devisees, and legatees of the decedent." Assuming that the petition here would, under its allegations, set forth a cause of action against a permanent administrator of the estate of J. M. Furr, in favor of Howard T. Jordan, no such defendant appears; and since under the authorities cited above the temporary admin-

istratrix is wholly without authority as to the disposition of the estate, certainly no decree of the court of equity putting title in Howard T. Jordan as to any of the property of the estate of James Mack Furr would operate against the temporary administratrix, or bind that estate in the absence of a permanent administrator as defendant. It necessarily follows that no cause of action is set forth against the temporary administratrix, Mrs. J. H. Dillard, or Mrs. Mattie Sue Wilson Furr individually.

The relief which Howard T. Jordan seeks for himself, as detached from the claim of his brothers, can be had only after the appointment of a permanent administrator of the estate of James Mack Furr in the court of ordinary, following which he may institute an action in the superior court for the adjudication of his contentions as to having title to the two described lots of land decreed to be in him, and as to the enforcement of the contract which he alleges was entered into with James Mack Furr, whereby Furr was to will to him all of his property, the quality of which depends upon the outcome of the litigation as to the alleged invalid will of Mrs. Cora Florine Furr. The court erred in overruling the demurrer of Mrs. J. H. Dillard as administratrix, and of Mrs. Mattie Sue Wilson Furr individually, in the respects dealt with above.

■ Since under the above ruling the proceeding to set aside the will of Mrs. Cora Florine Furr fails in the court of equity, and since the separate claim of Howard T. Jordan constitutes no cause of action against Mrs. J. H. Dillard or Mrs. Mattie Sue Wilson, the second Mrs. James Mack Furr, was the appointment of a receiver error? It is alleged in the petition that the administratrix has not taken possession of the moneys and personal effects of the estate of James Mack Furr, but is permitting Mrs. Mattie Sue Wilson Furr to keep possession and use of them, and that she is wasting and using them as her own, squandering the personal property of his estate and of Mrs. Cora Florine Furr's estate, the personal property of which latter estate Furr had in his possession at the time of his death; and that she is totally insolvent. It is not alleged that the ordinary did not require bond from Mrs. Dillard; and in these circumstances it will be presumed that she is acting under a bond sufficient to protect all concerned. *Collins* v. *Carr,* 112 *Ga.* 868 (2) (38 S. E. 346). If the bond is not sufficient to protect any interested party, the ordinary has authority, upon

proper application, to increase the bond, revoke the letters of administration, or pass such other order as may in his judgment be expedient under the circumstances of the case. Code, § 113-1229. An ample remedy is thus afforded against loss or waste. It is expressly enjoined in the Code that except in clear and urgent cases a receivership should not be resorted to. § 55-303. "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." § 37-403. Only the last-named contingency is material here. "To authorize such interference the facts must very clearly show there is a good reason for so doing." *Butler* v. *Floyd*, 184 *Ga.* 447 (191 S. E. 460), and cit. While it is settled law that a court of equity has concurrent jurisdiction with the court of ordinary in the administration of estates of deceased persons in all cases where equitable interference is necessary for the full protection of the parties at interest, a receiver should not be appointed to take the assets out of the hands of legally appointed representatives except in cases of manifest danger of loss or destruction of or material injury to the assets. No matter how strong the apparent equity of the complainant may be, if there is no necessity for a receivership the courts will not change the status until final decree. *West* v. *Mercer*, 130 *Ga.* 357, 360 (60 S. E. 859). See *Beecher* v. *Carter*, 189 *Ga.* 234, 244 (5 S. E. 2d, 648); *Astin* v. *Carden*, 194 *Ga.* 758, 765 (22 S. E. 2d, 481). The estates of Cora Florine Furr and James Mack Furr are now under the jurisdiction of the court of ordinary, and by application to that court adequate protection and redress may be obtained in the manner hereinbefore set out. Under the allegations of the petition no sufficient case is presented for appointment of a receiver. The court erred in making the receivership permament, and in enjoining the defendants as prayed.

In the disposition we have made of the two cases, it is unnecessary to pass on the special demurrer as to misjoinder of parties and of causes of action, or to deal with the question of setting aside the alleged void marriage between James Mack Furr and Mrs. Mattie Sue Wilson. *Judgments reversed. All the Justices concur.*