PEYTON *v.* RYLEE, administrator.

No. 16955. FEBRUARY 15, 1950.

*Kimzey & Kimzey,* for plaintiff in error.

*J. B. G. Logan,* contra.

CANDLER, Justice. (After stating the foregoing facts.) 1. Unquestionably, under the law of this State, a temporary administrator has no right or authority to maintain an action for the recovery of land held adversely to the estate of his decedent. *Banks* v. *Walker,* 112 *Ga.* 542 (37 S. E. 866); *Doris* v. *Story,* 122 *Ga.* 611 (50 S. E. 348); *Ward* v. *McDonald,* 135 *Ga.* 515 (69 S. E. 817). In the present case, the plaintiff in error contends that the plaintiff Rylee represented the estate of the deceased, Mrs. Peyton, only in the capacity of a temporary administrator; and, if that be true, a ruling by us that the judgment complained of is in law a nullity is inescapable. Respecting this question, the record affirmatively shows that Rylee was appointed temporary administrator of the estate of Mrs. Peyton on September 3, 1940; that his status was such on March 19, 1945, when he voluntarily withdrew and dismissed an amendment which he had filed in the instant case; and that nothing is contained in the record which shows any change in his representative capacity on March 19, 1946, when he was made a party plaintiff. Our rules of procedure and practice require a pleader to "plainly, fully, and distinctly" state his cause of action and his demand for relief. Code, § 81-101. And, in order to comply with the rule of good pleading, Rylee was required in the instant case to show affirmatively that he represented the estate of Mrs. Peyton in a capacity which would authorize him to maintain the suit which she had previously filed, and it is sufficient to say that he has failed to do so; and this is true for the reason that he is shown by the record to be only a temporary administrator of Mrs. Peyton's estate. Therefore it follows that all proceedings taken in the original plaintiff's suit in the court below under the name of the alleged personal representative were, for want of a proper party, necessarily nugatory.

2. In view of the ruling made in the preceding division, it is unnecessary to consider or pass upon any of the other assignments of error.

*Judgment reversed. All of the Justices concur.*