44798. WALTERS et al. v. McNEESE.
(360 SE2d 268)

MARSHALL, Chief Justice.

The appellee-plaintiff, Grace M. McNeese, instituted this quia-timet action (OCGA § 23-3-60 et seq.) against the appellants-defendants in the DeKalb Superior Court. The question for decision is whether, as held by the special master and the trial court, the appellee has acquired prescriptive title to the property through 20 years' adverse possession; or whether, as argued by the appellants, the appellee's possession of the property has been based on the appellants' permission and, therefore, has not constituted adverse possession. For reasons which follow, we reject the appellants' argument. Consequently, we affirm.

The subject property, which is located at 1788 Tobey Road in

DeKalb County, was the marital residence of the appellee and appellant Jasper H. McNeese; they, and their minor children, began residing in the house in 1955. In 1959, Mr. McNeese filed a divorce action against the appellee. Although title to the residence was in his name, in her responsive pleadings in the divorce suit the appellee made equitable claims with respect thereto; these claims were based on monetary contributions made by her from her separate estate toward the purchase price of the property and toward subsequent monthly payments. For these reasons, the appellee requested that she be awarded title to the property as permanent alimony.

However, unbeknownst to the appellee, prior to filing the divorce suit Mr. McNeese had conveyed the residence by warranty deed, without consideration, to appellant Joyce Rogers, who is Mr. McNeese's sister.

In the divorce action, the appellee and the parties' four minor children were granted exclusive use of the residence in the court's temporary-alimony award, and Mr. McNeese was ordered to pay, inter alia, the mortgage, taxes, and insurance. Although such payments had been forthcoming, during the pendency of the divorce proceeding Mr. McNeese absconded, and the divorce action was dismissed for lack of prosecution.

The appellee and the parties' children continued to reside in the home; and the appellee treated the property as her own, making repairs and improvements totaling approximately $25,000.

In 1980 or 1981, the appellee discovered the deed between Mr. McNeese and his sister, and the appellee filed a complaint in equity in the DeKalb Superior Court to set aside the deed for fraud; however, the case was dismissed, apparently for lack of personal jurisdiction and venue.

In 1984, appellant Joyce Rogers transferred the property, without consideration, to her half-brother, appellant James W. Walters. In 1985, Mr. Walters filed a dispossessory action against the appellee in the State Court of DeKalb County because of her failure to pay rent demanded by Walters. The appellee then filed the present action, and the trial court entered an order restraining the State Court from proceeding with the dispossessory action.

In the present action, the appellee has asserted the equitable claims to the property advanced by her in the earlier divorce suit. She has also contended that the appellants have held the property in constructive trust on behalf of the appellee and her children during the period in which Mr. McNeese was under a legal obligation to support his wife and children. (The parties' youngest child became 18 years of age in 1973.) Alternatively, the appellee contends that she has acquired prescriptive title to the property through 20 years' adverse possession.

The trial court ruled that it is without proper venue to act in its capacity as a court of equity and set aside a deed to the subject property on the ground of fraud. Pursuant to OCGA § 23-3-63, the remainder of the case was submitted to a special master. The special master concluded that the appellee has acquired prescriptive title to the property through 20 years' adverse possession, and the trial court entered final judgment in accordance therewith.

In this appeal, the appellants' basic argument is that the evidence submitted by the appellee in support of her constructive-trust theory irrefutably shows that her possession of the property has been permissive, and the appellants contend that this defeats her adverse-possession claim. We disagree.

"[P]ermissive possession can not ripen into a title by prescription unless the persons in possession give notice that they are no longer bound by the permission, but hold adversely." *Doris v. Story*, 122 Ga. 611, 615 (4) (50 SE 348) (1905). OCGA § 44-5-161 (b).

Through the equitable claims made by the appellee in the divorce action instituted by appellant Jasper McNeese, the appellee did give notice that she was not bound by the permission, but rather that she was holding the property adversely.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 1987.

*Charles H. Hyatt, John M. Hyatt,* for appellants.
*Gadrix, Tuttle & Pernice, Robert L. Tuttle, Jr., Gary J. Pernice,* for appellee.